### JENKINS *vs*. BROWN.

Notwithstanding the 47th section of the act relative to " courts held by justices of the peace," the justice may in his discretion, upon terms, permit a defendant to *come in and plead* who did not appear on the return of a *summons* which had been *personally* served, but subsequently appeared on a day to which the cause had been adjourned at the request of the plaintiff ; but *being a matter of discretion*, a court of error will not review the decision of the justice, refusing leave to the defendant to plead, although upon the same state of facts, they would have relieved a party from his default.

ERROR from the Wayne common pleas. Brown sued Jenkins in a justice's court, by summons, returnable on the 27th July, 1836. The summons was returned personally served, and at the return day, the plaintiff appeared, and put in his declaration : the defendant did not appear, and the cause was adjourned, on the motion of the plaintiff, to the second day of August, then next. On the adjourned day the parties appeared ; the plaintiff with his witnesses ready for trial ; the defendant read and filed with the justice an affidavit excusing his default in not appearing on the return day, and generally of merits in the cause as advised by counsel, and offered to pay the costs of the adjournment and all subsequent proceedings, and to allow the plaintiff a further adjournment if he wished it, and, under the circumstances, asked leave to plead, and tendered a plea of the general issue with notice of some special matters, &c.

The plaintiff objected to the reading of the affidavit. The justice heard it read, but overruled the application, and refused to receive the plea ; whereupon the defendant made no further defence, and the plaintiff proceeded to call wit-

nesses and assess his damages; and the justice rendered judgment against the defendant for $50 damages and costs of suit. The cause was removed by certiorari to the Wayne common pleas, where the judgment of the justice was *affirmed;* whereupon the defendant sued out a writ of error. The cause was submitted on written arguments, by

*C. D. Lawton,* for plaintiff in error.

*J. M. Holley,* for defendant in error.

*By the Court,* Cowen, J. Mr. Lawton has submitted a very handsome, not to say a convincing argument, in favor of the justice's power to grant the plaintiff in error leave to plead on the terms which he offered. I am strongly inclined to think, with him, that notwithstanding the 47th section of 2 R. S. 165, 2d ed. and § 119 of the same statute, the justice might, on the cause shówn, have given the leave without violating either the spirit of that section or any decision of this court; in short, that he had the same power in this respect as a court of record: which is to let in a defendant to plead at any stage of the cause, on terms such as shall save all reasonable chance of preparation to the plaintiff, while it subserves the purposes of justice by promoting a trial upon the merits, without dispensing with the exercise of proper diligence on the side of the defendant. Nor do I collect from the return, that the justice himself entertained any doubt of his power. All he tells us is, that he heard the defendant's affidavit, and overruled his motion; and this raises the question submitted to us on a writ of error. Now it appears to me, that by reversing the judgment, we should be obliged to deny one of the main positions for which the counsel for the plaintiff in error has contended: it is, that the justice's power is equal to that of a court of record, which may certainly grant or deny motions of this character *in their discretion.* To interfere with a justice's practice, would be to deny his discretion. If he violate a duty allowed or enjoined by statute, as in withholding an adjournment, or refusing to let in a party to plead, before

the time for adjourning or pleading has passed, we must interfere; but to do so for denying amendments, refusing opportunity to plead and the like, after the party applying has lost his legal right to the relief which he asks for, would be going beyond the office of certiorari, broad as may be its reach in reviewing the civil proceedings of the common magistrate. The affidavit on which the motion was founded was open to some criticism, though I think not much; and I entertain but little doubt, that sitting at a special term, either of us would, in the exercise of our discretion, have thought it right to let a defendant plead in a cause pending here originally, upon such an affidavit, on the usual terms. There is no law, however, absolutely requiring us to do it. We might have held that the indifference of the defendant in this case, as manifested, by his leaving every thing to a heedless agent, without any reason given, at least without any apparent necessity in his affairs, showed such a distrust of his power to defend on the merits as to discredit a general affidavit, and demand a more particular account of his alleged good defence. It is utterly unsafe in matters of discretionary practice, to interpose on writ of error by correcting the decisions of the inferior courts. The very reason why we cannot do it with safety is the one adopted by the law itself, when it declares that the inferior court shall act according to its discretion. It cannot lay down any precise rule to govern certain cases, according to their circumstances; and it therefore leaves the discretion of the court to form the law of each case as it arises. To say that a magistrate may act discretionally, is but another mode of saying that he is without control. He has a discretion upon conflicting evidence to find one way or the other, with which we never interfere; and there are many questions of a like character which arise in every court, whereon their decisions must be final.

It has often been held, that a bill of exceptions will not reach a decision which rests in discretion. In *Young* v. *Black*, 7 Cranch, 565, refusing to compel a party to join in a demurrer to evidence, was held not to form the subject of a bill of exceptions. I refer to this case particularly for

the sake of the reasons given by Mr. Justice Livingston at p. 569, who proceeded on the general ground that the reception of the demurrer was matter of discretion in the court below, and its rejection therefore could not in its nature be assigned for error; with him Story, J. concurred.

Judgment affirmed.