Turck *v.* Richmond.

---

## TURCK *vs.* RICHMOND.

Where a defense, in a justice's court, is overruled on the ground that it is insufficiently pleaded, it is the duty of the justice to order the pleading to be amended.

And after having permitted the defendant to present his defense, he should allow him to perfect his pleading for that purpose, by making it more specific and certain, if necessary.

It is a good defense to an action on a promissory note, that it was given for the price of spiritous liquors sold by the payee without license, and in violation of the excise law.

THIS suit was brought in a justice's court, to recover upon a promissory note. Issue was joined on the 17th of November, 1849. The defendant's answer denied the complaint and set up various matters in bar of the demand. The defendant procured an adjournment of the cause until the 1st of December then next, when the parties appeared, and the cause was again adjourned, on the defendant's motion, until the 14th of February, 1850, when the parties again appeared. The defendant procured a venire to be issued, and then the defendant's counsel offered to amend his answer to the complaint in the following words, to which the plaintiff's counsel objected. " The defendant also answers that the consideration for said note is illegal, being for the sale of spiritous liquors by the said William Krows, the payee, he having no license for the sale thereof, either grocer license or otherwise, and that the said note came in plaintiff's possession after maturity and without consideration." The court granted the amendment on payment of·the plaintiff's costs, which were $1,57. The plaintiff's counsel demurred to so much of the answer as was comprised in the proposed amendment, on the ground that it was immaterial, and contained no defense. The defendant joined in demurrer, and the demurrer was sustained by the court. The venire was not served, for the want of a constable. Between one and two o'clock P. M. of the same day, the parties appeared before the justice, and the defendant's counsel demanded a new venire. which was issued and made returnable forthwith, and delivered to a constable, who served the same and returned it with a panel of the jurors' names. The defendant then tendered to the justice $1,57 for the plaintiff's costs. The justice received the same, and handed it back to H. D. Van Orden, the defendant's counsel, who took it up from the table. The money was not tendered until after the allowance of the demurrer. The defendant's counsel offered another amendment in the words following : " The defendant amends his answer, and adds the following ; that the consideration for said note was for the sale of strong or spiritous liquors sold by the said William Krows in quantities less than five gallons to said defendant in the town

Turck *v.* Richmond.

of Saugerties and county of Ulster, the said William Krows, at the time of such sale, having no license for the sale thereof, either grocer or tavern license, and that the said note came into the possession of the plaintiff, and he became the owner thereof (if he became the owner at all) after it was due or the said note was past maturity, and came in his possession without consideration, the said note having been canceled as aforesaid." The court refused to allow this amendment. Nine jurors appeared and answered. The jury found a verdict for the plaintiff, and the justice gave judgment for $19 damages and costs. This judgment was affirmed by the Ulster county court, on appeal, and the defendant appealed to this court.

*T. B. Gates,* for the plaintiff.

*E. Whitaker,* for the defendant.

*By the Court,* PARKER, J. If the justice had refused leave to make the first amendment, perhaps no advantage of such refusal at that stage of the cause could have been taken, on appeal; on the ground that it was a matter resting in his discretion. (*Jenkins* v. *Brown,* 21 *Wend.* 454.) But the justice allowed the amendment; and it set up an entirely new ground of defense, to which the plaintiff demurred. The defense thus attempted, if properly presented, would have been available. (*Griffith* v. *Wells,* 3 *Denio,* 226. 1 *R. S.* 679, 680, *&c.*) And if the matter was set forth sufficiently in the answer, the judgment for the plaintiff, on the demurrer, was erroneous. If, however, the defense was overruled on the ground that it was insufficiently pleaded, it was the duty of the justice to order the pleading to be amended. This is not now a matter of discretion, but is expressly required by the code, § 64, sub. 7. The justice, however, refused leave to the defendant to amend his pleading by making it more specific and certain. In this I think he erred. Having permitted the defendant to present his defense, he should have allowed him to perfect his pleading for that purpose.

---
Slocum *v.* Hooker.
---

I think the judgment of the justice, as well as that of the county court, was erroneous, and should be reversed with costs.(*a*)

Judgment reversed.

[ALBANY GENERAL TERM, May 5, 1851. *Parker*, *Harris* and *Wright*, Justices.]

(*a*) See *Kreiss* v. *Seligman*, (8 *Barb.* 439.)