[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 264 
On the trial it was insisted that the fact affirmed in the charter party that the vessel was of the burthen of one hundred and ninety tons or thereabouts was a warranty; but on the argument here that was not insisted upon by the counsel who argued the cause for the defendant. It clearly was not intended as such by the parties. The construction of the contract was a question for the court, and the judge was right upon that point in his charge to the jury.
But it was insisted upon here that the judge erred in his charge to the jury in respect to the question of damages. I think that the court was correct in its charge in that particular. It is well settled that where a person charters a vessel for a particular voyage, agreeing to furnish a full cargo at specified rates, and fails to furnish such cargo, he is answerable to the owner of the vessel for what the vessel could have taken safely had a full cargo been furnished at the specified rates, being allowed, however, what the vessel earned during the time it *Page 265 
would have occupied to perform the stipulated voyage (Duffie v.Hayes, 15 Johns. 327; Abbot on Ship. 411 and note).
The evidence in respect to errors committed in the registering of vessels, and whether the registered tonnage corresponded with the actual burthen and capacity of the vessel to carry cargo, I think was correctly admitted; it was pertinent in respect to the question of a fraudulent representation of the tonnage of the vesse in question.
It was wholly immaterial whether the insurance officers in New York refused or not to insure a cargo for Ireland on board of the plaintiff's vessel in consequence of the smallness of her registered tonnage. The plaintiff had not stipulated that she had any particular capacity. The evidence offered therefore that they did so refuse was properly rejected.
The judgment should be affirmed