## JOSHUA MEAD *v.* JOHN DARRAGH.

The defendant having failed to appear in a district court, on the return of a summons, the cause was adjourned to a subsequent day, and the plaintiff left the court-room. The defendant subsequently appeared, and the justice noted his appearance and received his answer. He demanded a jury, but the justice refused it upon the ground that he had no power to issue a *venire* after the adjournment. Upon the adjourned day the defendant renewed his demand, which was again refused. *Held*,—error. (INGRAHAM, J., *dissenting*.)

A mere adjournment does not deprive a party of the right to demand a jury, but only an adjournment made after issue joined.

A jury cannot be demanded until issue has been joined.

If made by the defendant during the absence of the plaintiff from the court-room, it is the defendant's duty to bring home to the plaintiff notice of such demand.

A justice of a district court has the right, in the exercise of a sound discretion, to permit a defendant to appear and answer at any time before proof is taken on behalf of the plaintiff. Such an appearance carries with it all the rights incidental to a regular appearance on the return of a summons—*e. g.*, the right to demand a jury.

*Per* INGRAHAM, J., *dissenting.*—The justice of a district court has no right to receive an appearance and answer of a defendant after the cause has been adjourned upon his default and the plaintiff has left the court-room. Such an appearance and answer being themselves irregular, and no issue being properly joined, the defendant has no right to demand a jury.

APPEAL by defendant from a judgment of a district court. On the return of the summons in this case the defendant failed to appear. On the application of the plaintiff, the cause was adjourned, and the plaintiff left the court-room. Thereafter, but on the same day, and while the court was still in session, the defendant entered, and, at his request, the justice entered his appearance and received his answer. He at the same time demanded a jury, which the justice refused, upon the ground that he had no power to order a jury, the cause having been once adjourned. On the day to which the cause was adjourned, the defendant renewed the demand, and excepted to the decision of the justice, refusing to order a jury. Judgment having been rendered for the plaintiff, the defendant appealed.

BRADY, J.—In this case, on the day the summons was returnable, but after the cause had been adjourned, and while the court was in session, the defendant appeared before the justice, put in a general denial to the complaint, and demanded a jury. The justice received the answer, but denied the application for a jury, on the ground that it was too late, an adjournment having been granted. There was no power conferred on the justices of district courts by statute to open defaults, but in *Jenkins* v. *Brown* (21 Wendell, 454), Cowen, J., says, in substance, "I am strongly inclined to think that the justice might, on cause shown, let in a defendant to plead at any stage of the cause, on terms

Mead v. Darragh.

such as shall save all reasonable chance of preparation to the plaintiff, while it subserves the purposes of justice by promoting a trial upon the merits, without dispensing with the exercise of proper diligence on the side of the defendant." In that case the power of the justice was recognized as matter of discretion, and that discretion having been exercised adversely to the appellant, the Supreme Court refused to interfere. Assuming that the justice in this case had no power to open the default, then the demand for a jury was properly denied, the whole of the proceedings before the justice being *coram non judice*, and void. But if the justice had power to let the defendant in to plead, and no objection to that course was taken or made by the respondent, then the demand for the jury was in due time, and the refusal of the justice to issue a *venire* was an error. In *Bayles* v. *Crane* 1 Cowen, 86), it was held that a mere adjournment did not deprive the party of the right to insist upon a jury, although in that case the adjournment had was to an hour on the same day. In *Shannon* v. *Kennedy* (1 E. D. Smith, 346), the right of the defendant to demand a jury at any time during the day on which issue is joined is suggested and recognized, but coupled with the doctrine that it is the duty of the defendant to bring notice of such demand home to the plaintiff. In that case the demand was made of the justice on the day of issue joined, after the plaintiff had left court, but not on the day to which the cause was adjourned, and the plaintiff had no notice of the demand. In this case the demand was repeated on the day to which the cause had been adjourned, and the justice again declined to issue the *venire*. The question presented by these facts is not free from difficulty; but I think the justice has the right to permit the defendant to to appear and answer before any proof is taken on the plaintiff's side, and having granted that favor, it must exist with all the rights incidental to an appearance when the summons is returnable. The justice may impose terms, but none were imposed here. He did not deny the *venire* as a condition upon letting the defendant in to answer, but upon the ground that he had no power to issue one, an adjournment having been had. In this

he erred. When the issue is joined, a demand may be made for a jury, and not before; and the adjournment contemplated by the statute is an adjournment *after issue* joined, and subsequent to the day on which such adjournment is made, the object being, to prevent the delay which would ensue by permitting the defendant to demand a jury at any stage of the cause before proof taken. On the return day, the justice, doubtless, had no power to receive the defendant's answer, because the plaintiff was not present; but he had on the day to which the cause was adjourned, and having entered the defendant's appearance and answer, it must be held to relate to that day. The issue then being joined, the defendant demanded a jury, to which he was entitled (see *Shannon* v. *Kennedy*, 1 E. D. Smith, *supra*, 348), and the justice should have issued a *venire*. Having refused so to do, I think the judgment should be reversed.

DALY, J.—A jury may be demanded after issue joined, and before the court shall proceed to inquire into the merits of the case, though it cannot be demanded after the day on which an order has been made for an adjournment. Laws of 1813, chap. 86, § 95; Laws of 1820, chap. 1, § 3. It was demanded in this case after issue joined, and on the day on which the order was made for the adjournment. It was irregular, therefore, for the justice, on the adjournment day, to go on and try the cause without a jury. The justice returns that he had adjourned the cause on the plaintiff's application, but that the defendant appearing afterwards, he allowed him to plead. This makes no difference. When the defendant had joined issue by pleading, he had a right to demand a jury, which he did immediately thereafter, and the justice could not try the case without a jury, unless with the defendant's consent. The judgment should be reversed.

INGRAHAM, FIRST JUDGE.—I do not feel satisfied with the conclusion that the justice was regular in receiving an answer after the adjournment of the case. The plaintiff had left the court; he had no knowledge of the pleading; and it nowhere

appears that the knowledge of such answer being put in ever came to the plaintiff. To sanction such a course of proceeding in a justice's court would open a door to looseness and irregularity, which should not be permitted. I think no answer was properly put in, and no issue properly joined, and that the demand for a jury was properly refused.

Judgment reversed.