## RIDDLE v. GAGE.

Partial failure of consideration is, *pro tanto*, a good defence to a promissory note, where the sum to be deducted can be ascertained by mere computation ; but it is otherwise where the amount to be deducted is unliquidated.

Where a note was given for $1,200, for seventeen articles of machinery, with no separate valuation, and five of the articles were at the time under a valid attachment against the vendor, which were afterwards

sold upon an execution recovered in the suit in which the attachment was made—*Held*, that, there being no specific price fixed to the articles at the time of the purchase, but their value being unliquidated, the plaintiff should have judgment for the whole note.

Matters addressed to, and within the discretion of the court below, will not be revised by the court above, unless transferred for that purpose.

ASSUMPSIT, on a promissory note for $1,200, dated January 13, 1849, signed by the defendant, payable to one Hall, and by him indorsed to the plaintiff.

The defendant filed a confession as to part, to wit, $600, and as to the rest pleaded the general issue. The plaintiff, having produced the note declared on, and its signature being admitted, rested his case.

The defendant's counsel, in opening, stated that he should prove that the note was given for a quantity of machinery sold by Hall to the defendant; that a portion of said machinery, being known by the parties to be under attachment at the suit of a creditor against Hall, at the time of the sale, Hall agreed to pay the debt to secure which the attachment was made, and so release the machinery from said attachment : that he failed to do so, and that the machinery attached was sold in May, 1850, for $605, to satisfy the judgment in said suit and costs ; that the note at the time it was made was indorsed to one Samuel D. Clark, as collateral security for having become surety on a note to the plaintiff, and a memorandum to that effect was made at the time at the bottom of the note, and signed by Hall & Clark, or Clark alone, which was afterwards torn off without the knowledge of the defendant; that in October, 1852, the plaintiff, before he received the note, if at all, came to the defendant's attorney, who wrote said bill of sale, note and memorandum, and inquired about the note and responsibility of the defendant, and was then notified of the consideration and of the facts above stated, and that the defendant would not pay said note unless he was obliged to.

Riddle *v.* Gage.

The bill of sale of said machinery describes it under some seventeen different items, with no separate valuation or prices, but as all sold for $1200. Five articles of said machinery were sold to satisfy said judgment and costs, as aforesaid.

These facts being, for the purposes of the trial, admitted, the counsel for the plaintiff contended, and the court ruled, that they constituted no defence to this action for the amount not confessed, the partial failure of consideration being for an amount unliquidated.

The defendant's counsel then filed the following motion, to wit:

The defendant moves that the cause may be continued, or entry of judgment stayed, until a suit can be brought against Hall, and the damages be liquidated, and then be deducted from the amount of the note, Hall being insolvent, and the plaintiff having taken the note long after it was over due, and with full notice of the partial failure of the consideration, and the objections that such a defence could not be gone into in this suit not having been taken until this time.

The court overruled the motion for continuance, because there was no evidence that the defendant was surprised by the position of the plaintiff taken on the trial, or that the defendant could meet that portion better at a future day. And the court overruled the motion for a stay of the entry of judgment, as not being in order at this stage of proceedings, if well founded in fact.

The writ in this suit was dated April 3, 1854. A plea and confession of part of said claim sued was filed by the defendant, December 7, 1854, and a second confession was filed November 18, 1856, of a part of said claim.

To these several rulings the defendant excepted.

A verdict for the plaintiff was taken by direction of the court for the full amount of the note, and the defendant moved that the same be set aside, and for a new trial.

*Morrison & Stanley*, for the plaintiff.

1. Upon the question of failure of consideration as a defence to an action upon a promissory note, we cite *Drew* v. *Towle*, 27 N. H. (7 Foster) 412; 1 Stephen N. P. 929; 1 Leigh N. P. 474; Story on Prom. Notes, sec. 187; 2 Greenl. on Ev., sec. 199; Chitty on Bills 87; Bayley on Bills 537; 1 Campbell 40, n. 100; *Moggridge* v. *Jones*, 14 East 485; *Solomon* v. *Drew*, 4 McLean 388.

It is well settled in this State that a partial failure of consideration is no defence to an action on a promissory note, where the damages are unliquidated. *Chase* v. *Weston*, 12 N. H. 413; *Drew* v. *Towle*, 27 N. H. (7 Foster) 412.

2. Alleged breach of warranty cannot be shown by way of set-off, and unliquidated damages are not within the statute. Mutual demands between the parties only are subject to set-off. Comp. Stat., chap. 199, sec. 6.

3. What was the price paid by the defendant? Unless this appear it is certain that the alleged failure of consideration would be no defence to the note. Neither the bill of sale nor the case show any data as a basis of calculation by which the facts can be determined.

The damage which the defendant is entitled to recover of Hall in consequence of the alleged failure of title, is a question for the determination of the jury. Upon the statement of the defendant's counsel it does not appear that there has been a failure of such a divisible and determinate part of the consideration as to constitute a defence *pro tanto*, even between the original parties to the contract.

4. If there has been a partial failure of consideration, as contended by the defendant, he has his remedy against Hall, upon the covenant of warranty in the bill of sale; but if the defence set up in this action were to be allowed, it would present the anomaly of trying in fact two separate and distinct causes of action, between different parties, at the same time, one of the parties being a stranger to the record.

As to the memorandum claimed to have been made at the bottom of the note, it is quite apparent that it has no materiality in this case. It was not part of the contract which was the consideration of the note, and whether made upon the same, or a separate paper, is entirely immaterial.

The motion of the defendant's counsel for a continuance, or to stay execution, was wholly within the discretion of the court, and the ruling is in accordance with the uniform practice of the courts of this State.

*Clark & Smith*, and *C. R. Morrison*, for the defendant.

EASTMAN, J. The plaintiff having taken the note after it was dishonored, stands in the position of the original payee, and if the proposed defence would be good against him, it would be also good against the plaintiff.

The question then is, did the facts stated by the defendant, and admitted by the plaintiff to be true, form a valid defence to a part of the note?

It was settled in *Drew* v. *Towle*, 27 N. H. (7 Foster) 412, that a partial failure of consideration is a good defence to a promissory note, where the amount to be deducted on that account is matter to be ascertained by mere computation, but that it is otherwise where such amount depends upon the ascertainment of unliquidated damages.

*Greenleaf* states the rule thus: "If the consideration has only partially failed, and the deficiency is susceptible of definite computation, this may be shown in defence, *pro tanto*. But if the precise amount to be deducted is unliquidated, this cannot be shown in reduction of damages, but the defendant must resort to his cross action." 2 Greenl. on Ev., sec. 199.

Other authorities may be cited to the same effect. Chitty on Bills 71; Story on Prom. Notes, sec. 187; Bailey on Bills 393; 1 Saund on Pld. and Ev. 303, 304; *Ha-*

Riddle *v.* Gage.

*seltine* v. *Guild*, 11 N. H. 390; 2 Stark. 166; *Little* v. *Little*, 13 Pick. 426; 14 East 486.

Five of the articles of the machinery that went to make up the consideration of the note in suit, were sold to satisfy the attachment existing upon the machinery at the time of the sale to the defendant, and when he gave the note. To this extent the consideration of the note has failed; and had there been any specific value fixed to the articles when the defendant purchased them, the amount could now be deducted and allowed in this suit. But the value was not fixed. The whole seventeen articles were sold for $1200, and whether these five were worth five seventeenths of that sum, or one half, or one third, or what they were worth, is a matter entirely unliquidated; and, upon the authorities cited, the ruling of the court excluding the defence was correct.

The sale, by the officer, on the execution, was only evidence of the value. It settled nothing that would govern the parties to the note. Either would be permitted to show that the property was of a different value, upon a cross action in regard to it.

The motions filed by the defendant for a continuance and stay of proceedings, were matters addressed to the discretion of the court below, and having been passed upon in that court cannot be reviewed here. *Wisheart* v. *Legro*, 33 N. H. 177; *Foss* v. *Strafford*, 25 N. H. (5 Foster) 78; *Man. Company* v. *Wiggin*, 14 N. H. 441; *Jenkins* v. *Brown*, 21 Wendell 454; *Feneley* v. *Mahoney*, 21 Pick. 212; *Clapp* v. *Hanson*, 3 Shep. 345.

*Judgment on the verdict.*