## McClair v. Austin.

1. ACTION BEFORE JUSTICE OF THE PEACE.—In an action originally commenced before a justice of the peace, and afterwards tried upon appeal in a court of record, there being no written pleadings the matters in controversy, upon review in this court, must be ascertained from the evidence as preserved by the bill of exceptions.

2. RULE OF DAMAGES.—Where a party employs another to perform work at a certain contract price, and after part performance and offer to perform the residue, the contract is unlawfully terminated by the employer, the true rule of damages in favor of the party ready to perform, is not the price stipulated to be paid on full performance, but the actual injury sustained in consequence of the employer's default ; the rule that the contract furnishes the measure of damages, is subject to another rule, that compensation is only to be given for actual loss.

*Appeal from Superior Court of the City of Denver.*

THIS action was originally commenced before a justice of

the peace. Upon appeal in the superior court, finding and judgment were rendered in favor of the plaintiff, Austin. The defendant McClair brings this appeal.

Mr. W. J. Edwards, for appellant.

Mr. James H. Brown and Mr. Henry F. Williams, for appellee.

Mr. Justice Elliott delivered the opinion of the court.

There being no written pleadings, the matters in controversy must be ascertained from the evidence as preserved by the bill of exceptions. The trial record is very voluminous; but from the abstract which is undisputed it appears that an oral agreement was entered into whereby plaintiff was to level, grade and otherwise prepare certain lots as a lawn for defendant. Plaintiff was, also, to furnish certain shade trees for defendant.

The agreed price for making the lawn was $150; the trees were $50 additional. After a portion of the work had been done, a disagreement arose between the parties as to the terms of the contract and also as to the manner in which the work already done had been performed. After some altercation defendant refused to allow plaintiff to proceed with the work or to pay him any more than the sum of $50 on account thereof.

Upon the trial plaintiff recovered judgment against defendant for the sum of $210 and costs on account of the matters aforesaid.

The only assignment of error requiring consideration is to the effect that, upon the whole case, the court erred in rendering judgment in favor of plaintiff.

Whether defendant was or was not justified in refusing to allow plaintiff to go on with the work under the contract, we intimate no opinion. But even if it be assumed that the termination of the contract by defendant was unlawful, still

the amount of the judgment must be regarded as excessive. The true rule as to the measure of damages in cases of this kind has been stated by a standard author as follows:

" When it is said that the contract furnishes the measure of damages, it is not thereby meant that the party ready to perform his contract will be able to recover of the party in default the entire price named in the agreement. On the contrary, it has been held in many cases, that in actions for breach of contract, the measure of damages is not the price stipulated to be paid on full performance, but the actual injury sustained in consequence of the defendant's default. For the rule that the contract furnishes the measure of damages, is subject to the other rule already stated, that compensation is only to be given for actual loss." Sedgwick on Measure of Damages (6th. ed.), 211. *Saxonia M. & R. Co. v. Cook*, 7 Colo. 569; *Myers v. N. Y. & C. R. R. Co.*, 2 Curtis C. C. 35; *Shannon v. Comstock*, 21 Wend. 456.

According to plaintiff's own testimony he had not fully performed his contract when defendant said that he (plaintiff) should not finish the job. Plaintiff further testified as follows: "I went down there and took my man, and another man, and offered to complete the job. He said he would not allow me on the premises. I demanded $150 for the lawn and $50 for the trees. He tendered me $50 in the court below. I had not quite finished the five lots; the other two lots were to be seeded, raked off and fixed up a little."

The testimony in behalf of defendant was more unfavorable to plaintiff. But upon the basis of plaintiff's own testimony, how can a finding and judgment for $210 be sustained? The contract was not fully performed. It must be presumed that it would have cost plaintiff something to complete it. Certainly, the wages of his two men would have amounted to something. Besides, the evidence does not show that plaintiff actually furnished the trees; nor does the evidence show what damages, if any, he suffered by reason of not furnishing them. Furthermore, plaintiff's claim did not bear in-

terest under the statute; and yet, the damages were assessed at $210, or $10 in excess of the whole contract price.

It has been with reluctance that we have felt constrained to hold that the finding and judgment in this case are against the evidence. The case is a small one; the principles of law involved are plain; and it seems unfortunate that a new trial should be required; but as there is not sufficient *data* upon which an appellate court can properly decide the issues, the judgment must be reversed and the cause remanded.

*Reversed.*