(6 Misc. Rep. 140.)

### PREGENZER v. BURLEIGH et al.

(Common Pleas of New York City and County, General Term.  December 4, 1893.)

1. DEMURRAGE—FAULT OF SHIPPER—EXPRESS CONTRACT.
    Defendants having promised plaintiff, a boatman, to load his boat at once, on its arrival at Plattsburgh or Port Henry, plaintiff, on reaching Whitehall, received from defendants an order on persons at Port Henry for a load, but the order was refused.  Plaintiff wrote defendants at Whitehall, and received a second order, on other persons at Plattsburgh, whither he went as soon as possible, and at last received a load on this order, different in material and destination from that promised.  *Held,* that defendants' contract being express, and the addressees of the orders their agents pro hac vice, they were liable for demurrage, though not themselves in fault.

2. SAME—ORDERS—DISCLAIMING LIABILITY.
    The fact that such orders bore the words, "No claims for demurrage allowed," could not modify or vary the original express contract.

3. SAME—DAMAGES.
    The load ultimately given plaintiff having been more profitable than that promised, the extra profit must be allowed in reduction of damages for the demurrage.

Appeal from first district court.

Action by Simon Pregenzer against Henry G. Burleigh and others for damages for demurrage.  From a judgment for plaintiff by the district court on trial before the justice without a jury, defendants appeal.  Modified.

Argued before BISCHOFF and GIEGERICH, JJ.

Hyland & Zabriskie, for appellants.

T. Clement Campbell, for respondent.

GIEGERICH, J.*  This action was brought to recover damages, in the nature of demurrage, for the defendants' delay in loading the plaintiff's canal boat.  The terms of the agreement are disputed.  The plaintiff testified that the defendants' agent in New York agreed to "load him" for the return trip "immediately, without delay," on his arrival either at Plattsburgh or Port Henry. The agent denied that anything was said as to time, and claims that the agreement was not to "load him," but to "give him a load."  The justice decided the issue in favor of the plaintiff, and, while a different conclusion might have been reached, there was sufficient evidence to support the view taken by the court below. Therefore, for the purposes of this appeal, it will be considered that the defendants' contract (entered into in New York during the latter part of May, and before the upward trip was begun) was to load plaintiff's boat immediately upon its arrival at Plattsburgh or Port Henry.  When the plaintiff reached Whitehall with his boat, on June 5th, the defendants' agent gave him an order upon third persons at Port Henry for a load of iron ore; but this order was not honored, when presented.  He then communicated the fact by letter to the defendants at Whitehall, and on June 10th received a second order, on a different firm of shippers, at Plattsburgh, to which place he made his way as soon as a steam

vessel could be procured to tow his boat. Finally, on July 8th, he was given a load upon this order, but the cargo was of a different material, and to a different destination, from that promised. On these orders were printed the words, "No claims for demurrage allowed;" but this stipulation is ineffectual, as it constituted no part of the original agreement, nor, under the circumstances, can it be regarded as a modification of the same.

The defendants' position that they were not responsible for the delays is untenable. Having agreed to load the plaintiff's boat immediately, they are liable for all damages arising from the neglect, omission, or failure of other persons upon whom they depended for such performance, and whom they constituted their agents, as it were, pro hac vice. Van Etten v. Newton, (Com. Pl. N. Y.) 6 N. Y. Supp. 531, affirmed 134 N. Y. 144, 31 N. E. 334; Wordin v. Bemis, 85 Amer. Dec. 255.

The defendants' counsel argue strenuously that mere detention of vessels, without proof of some fault on defendants' part, does not entitle the plaintiff to recover, and cite many cases in support of their position. They are all, however, cases in which there was no express contract, and consequently are not relevant as authorities, as here there was a special contract, viz. to load plaintiff's boat immediately. Contracts in which lay days are specified are analogous to the one in hand, and in such cases liability attaches when the time fixed has expired, whether the defendants have caused the delay or not. Abb. Shipp. p. 307 et seq., and cases cited; Cross v. Beard, 26 N. Y. 85. At any rate, in the present instance, the defendants made an unconditional contract to do a certain thing at a certain time, and must answer in damages for the failure to perform their agreement. Stewart v. Stone, 127 N. Y. 500, 507, 28 N. E. 595, and cases cited. Besides, no evidence was given of any excuse for nonperformance. Neither does it appear that the plaintiff was remiss in any way. On the contrary, he presented the orders with diligence, and gave prompt notice of the dishonor of the first one.

The judgment must be impeached, however, because the damages awarded are too great, in any aspect of the evidence. At most, there was a delay of only 31 days, viz. from June 8th, the time of presenting the first order, to July 8th, when the load was received. One of these days must be allowed for loading. Therefore, the defendants are chargeable with 30 days only. Now, the plaintiff himself testified that $3 per day was a fair price for the use of a boat during the period for which he was detained. Other witnesses for the defendants testified to a lower figure. But there is additional evidence that $3 per day would have been about the daily profits of the plaintiff, had the cargo been furnished as agreed. The justice was warranted, then, in the conclusion he evidently reached,—that $3 was a fair measure of damage for each day of detention; and the rule of damages followed was, to this point, the correct one. Ashburner v. Balchen, 7 N. Y. 262. This, without more, would justify the judgment rendered, which was for $90. Now, this sum can be arrived at only by taking all the testimony

most strongly in favor of the plaintiff.    But it is shown, further, on plaintiff's admission and on other evidence, that the net profits realized on the cargo which was furnished at last were about $20 more than what would have been made on the one promised, and the time required was substantially the same in either case. No deduction was made for this excess, and in this we think error was committed; otherwise, the plaintiff would be placed in better financial condition than he would have been had no delay occurred.    This is contrary to the theory of damages.    "The sole object is to furnish compensation.    In ordinary cases of contract, the remuneration must be less.    In cases of tort, it may be more." Sedg. Dam. p. 37.    We think that the excess of profits should be treated as though it were money earned independently during the period of delay, and consequently, on a familiar principle of law, should be subtracted.    Shannon v. Comstock, 21 Wend. 456; Heim v. Wolf, 1 E. D. Smith, 70.    The damages awarded should therefore be reduced to $70, and the judgment, as thus modified, should be affirmed, but without costs to either party.