SCHROEDER v. CALIFORNIA YUKON TRADING CO.

(District Court, N. D. California. May 22, 1899.)

No. 11,486.

1. DAMAGES—BREACH OF CONTRACT—LIQUIDATION OF AMOUNT.
   Where the subject-matter of a contract is of such a nature that it would be impracticable or extremely difficult to fix the damages for a breach by evidence, they may be liquidated by the parties, and the agreement will be enforced; but, in the absence of such difficulty, a stipulation for damages much beyond what would otherwise be allowed by law will be construed as a penalty, and the aggrieved party will be limited in his recovery to the loss actually sustained.

**2. SAME—WRONGFUL DISCHARGE OF EMPLOYE.**

    The amount of damages recoverable by an employé for his wrongful discharge before the expiration of his term of service, when an action therefor is tried before the expiration of such term, is the salary or wages he would have received under the contract to the time of trial, less such sum as he actually earned and received if employed during the time, or might by reasonable diligence have earned by accepting employment of the same nature; and when he is shown to have been employed during a portion of the time in the same capacity, in the absence of evidence on the subject, it will be presumed that his earnings were the same as under the contract.

This was a suit in admiralty to recover damages for breach of a contract of employment as master of a vessel.

H. W. Hutton, for libelant.

Fitzgerald & Abbott, for respondent.

DE HAVEN, District Judge. This is a libel in personam to recover the sum of $885.50, which the libelant claims is due to him from the defendant by reason of the alleged breach of a certain agreement entered into between the parties on March 10, 1898. By this agreement, the libelant was employed by the defendant for the term of one year, at a salary of $85 per month, payable monthly, to perform the duties of master of the schooner Volante, or of any other vessel to which he might be assigned. The agreement contained a clause which in effect provided that, in case the libelant was discharged by the defendant for any other reason than incompetency, he was to be furnished with free transportation to San Francisco, and the remainder of the year's salary was to be paid to him. The libelant alleges that he entered upon the discharge of his duties at the date of the contract, and was discharged by the defendant without cause and against his consent on May 25, 1898; that he has only been paid $160 on account of his services; and that he was compelled to expend $25.10 for necessary expenses in returning from the place of discharge to the port of San Francisco. The answer denies that the libelant was discharged by the defendant, but in this connection alleges that, if he was, it was because of intemperance, which rendered him incompetent to perform his duties as master. The libel was filed on June 24, 1898, and the action tried on the 22d of August following. It very clearly appears from the evidence that the libelant was without cause and against his consent discharged by the defendant on or about May 25, 1898. It was also shown that from June 15, 1898, up to the trial of the action, the libelant was constantly employed in the capacity of master, but not by the defendant. It may also be added that the amount of wages earned by the libelant during this period was not stated by any of the witnesses.

    1. The libelant, while not disputing the general principle of law that the measure of damages for the breach of a contract is such sum only as will compensate the innocent party for the loss sustained by him, nevertheless contends that by the express terms of his contract he is entitled to recover a sum equal to the wages he would have earned during the remainder of the year for which he was employed. This contention cannot be sustained. One who has been wrongfully dismissed from service is entitled prima

facie to recover as damages therefor an amount equal to what he would have earned for the entire term of his employment if he had been permitted to perform his contract; but the defendant may show, for the purpose of reducing this sum, that the plaintiff earned and received wages in some other employment during the period of time covered by the contract, or that with reasonable diligence on his part he might have earned something by accepting from others work of the same general character as that which he was employed by the defendant to perform. Costigan v. Railroad Co., 2 Denio, 609; Howard v. Daly, 61 N. Y. 362; Barker v. Insurance Co., 24 Wis. 630; Utter v. Chapman, 38 Cal. 659. This general rule, with a modification which will be hereafter stated, is applicable to this case, notwithstanding the stipulation for a different measure of damages contained in the contract upon which the libelant relies. That stipulation, if enforced according to its letter, would result in giving to the libelant more than compensation for the actual loss which he has sustained on account of defendant's breach of contract; that is, he would recover in this action, by way of damages, a sum equal to what he would have earned if he had fully performed his contract, and at the same time he would be permitted to retain all he has earned since he was wrongfully discharged and all that he may earn subsequent to the trial and during the remainder of the year for which he was employed by the defendant. When the subject-matter of a contract is of such a nature that it would be impracticable or extremely difficult to fix the actual damages by evidence, the parties thereto may agree upon, or liquidate, the damages to be recovered upon a breach thereof, and such agreement will be enforced; but, when no such difficulty is presented, a stipulation in a contract, to the effect that damages for its breach shall be recovered in an amount much greater than that which otherwise would be allowed by law, will be construed as a penalty, and the aggrieved party will be limited in his recovery of damages to the actual loss sustained by him; and the contract upon which this action is based belongs to this latter class.

2. What, then, is the amount of damages which the libelant is entitled to recover? In my opinion, a sum equal to what would have been earned by him under his contract up to the date of the trial and the amount expended by him in returning to San Francisco, less what he has been paid by defendant and what he earned and received from other employment after his discharge from the service of defendant and before the trial of this action. This would be in accordance with the rule adopted in Gordon v. Brewster, 7 Wis. 355, and seems to me reasonable and just. In that case the court said:

"Had the respondent seen fit to wait before bringing his action until the period had elapsed for the complete performance of the agreement, the measure of compensation could then have been easily arrived at. We suppose he would then have been entitled to the entire amount of his salary, less what he would have reasonably earned during the time covered by the remainder of the contract in laboring elsewhere. But, as the case now stands, we think he was only entitled to recover his salary on the contract down to the day of trial, deducting therefrom any wages which he might have received, or might have reasonably earned in the meantime. This rule appears to us to be the most equitable

and safe of any that occurs to our minds, and the one most likely to effect substantial justice between the parties."

As before stated, the evidence shows that the libelant was constantly employed as master of a vessel from June 15, 1898, until the date of trial. The amount of wages he was to receive was not stated by any of the witnesses, but there can be no presumption that it was less than what defendant was to pay him for similar services under the contract sued on; and, if he received more, the burden was upon the defendant to show it. It follows, from what has been said, that libelant is entitled to recover at the rate of $85 per month from March 10, 1898, to the date of the trial of this action, a period of 5 months and 12 days, amounting to the sum of $459; add to this $25.10 expended by him in returning to San Francisco,—a total of $484.10. From this must be deducted the sum of $160, which the libelant admits has been paid to him by the defendant, and the further sum of $189.83, the amount earned by him at the rate of $85 per month between June 15, 1898, and the date of this action,—leaving a balance due from the defendant of $134.27. Let a decree be entered in favor of the libelant for $134.27 and costs.