THE ABBIE M. DEERING.

(District Court, N. D. California. December 10, 1900.)

No. 12,153.

SEAMEN—BREACH OF CONTRACT OF EMPLOYMENT—MEASURE OF DAMAGES.
    It is the duty of seamen wrongfully discharged to use reasonable diligence to obtain similar employment elsewhere, and, where they could have obtained such employment, they can only recover, in a suit for breach of the contract, the difference between what they could thereby have earned and what they would have received under the contract.

In Admiralty. Suit by seamen for breach of contract of employment.

H. W. Hutton, for libelants.
Myrick & Deering, for claimant.

DE HAVEN, District Judge. When the contract declared on was broken by the master of the Abbie M. Deering, it was the duty of libelants to use reasonable diligence to obtain other employment of a similar character, and thus to reduce the damages arising from the breach of such contract. Schroeder v. Trading Co. (D. C.) 95 Fed. 296; Costigan v. Railroad Co., 2 Denio, 609; Utter v. Chapman, 38 Cal. 659; Howard v. Daly, 61 N. Y. 362. The evidence shows beyond all doubt that all of the libelants, if they had so desired, could have obtained such employment upon the schooner Uranus, and, with the exception of libelants Skinning and Hansen, upon the same terms upon which they had been employed upon the Abbie M. Deering. The two last named were offered employment, but at a less compensation than they were to receive under the contract set out in the libel; and they are entitled to recover as damages the difference between the sum offered them to go upon the Uranus and that which was agreed to be paid to them by the terms of that contract. This difference I find in the case of John Skinning to be $25, and in that of Louis Hansen $12.50. Let a decree be entered in favor of libelant John Skinning for the sum of $25, and in favor of Louis Hansen for the sum of $12.50,—said libelants to recover costs; and the libel will, as to all other libelants, be dismissed.