## McLaughlin *v.* Albany & Rensselaer Iron and Steel Co.

*(District Court, S. D. New York.  July 14, 1881.)*

1. BILL OF LADING CONSTRUED—ELECTION.

Under the following clause in a bill of lading, " in case consignees discharge cargo, or any part thereof, they are to be charged not to exceed 10 cents per ton, and to have four full working days, after notice of arrival at dock of consignees of said boat, in which to discharge cargo," and providing for payment of demurrage, in case of longer detention, a consignee has an option to unload the cargo or not.

2. SAME—NOTIFICATION OF AN ELECTION.

Upon arrival of the boat, a notification that the consignee would not unload it except in its regular turn, and in that case would pay no demurrage, is a rejection of its right to unload under the bill of lading.

3. SAME—UNLOADING IN TURN.

The final unloading of the boat by the consignee in its turn cannot be construed as done under such right of election.

4. DEMURRAGE.

A captain is not entitled to demurrage for time lost in waiting to avail himself of a consignee's special facilities for unloading.

In Admiralty.

*J. A. Hyland,* for libellant.

*Wm. C. Holbrook,* for respondent.

BROWN, D. J.  All the claims in this case are agreed upon, except as to claim for demurrage.  This claim arises upon the following clause in the bill of lading:

"In case consignees discharge cargo, or any part thereof, they are to be charged not to exceed 10 cents per ton, and to have four full working days, after notice of arrival at dock of consignee of said boat, in which to discharge cargo; and to pay master, for any time (exclusive of Sunday) boat is detained for discharging after the expiration of the said four days, five dollars per day, and at the same rate for portions of days."

The decision of this court in *Tuttle* v. *Albany & Rensselaer Iron and Steel Co.,* upon a bill of lading substantially identical with this, (see opinion by *Choate,* D. J., May 23, 1879,) is, I think, controlling in this case.  It was then held that upon such a bill of lading as this the defendant had an election, upon arrival of the boat, whether it would itself unload the coal or require the master to unload, as it was otherwise his duty to do.  On arrival the captain was in this case notified that the defendant would not unload the boat except in its regular turn, and in that case would pay no demurrage, and a berth was offered the captain where he could himself unload if he did not accept that offer.  The captain declined this

offer unless he could have such additional facilities for unloading as defendant had at its own dock, or unless defendant would agree to pay the increase of cost over 10 cents per ton. These things the captain had no legal right to ask for. He seems to have supposed that he had a right to be unloaded at 10 cents per ton.

The case above cited holds that it was primarily the captain's duty under this bill of lading to unload the cargo; and in offering him a berth, though without special facilities for speedy and economical unloading, the defendant discharged all its legal duty upon the arrival of the boat. This offer of a berth is sworn to by the defendant's witnesses, and the captain of the boat distinctly admits such offer, and his refusal to unload except upon the terms stated. After this refusal the defendant was not required to make any further tender of a berth. The defendant's notice to him was a rejection of its right of election to unload under the bill of lading; and the subsequent delay was by the captain's own choice, and for his own convenience and economy. Rather than incur the increased expense of unloading without machinery or power, the captain chose to await his turn and enjoy the advantages of defendant's special facilities for unloading. After the notice given him he had no right to wait and take advantage of defendant's improved facilities at their expense, nor avail himself of their facilities, except upon the terms expressly stated to him, viz., that no demurrage should be paid. His claim that he would charge for demurrage, which the defendant told him would not be paid, could not impose upon the defendant any liability which they were not already under. The final unloading of the boat by the defendant in its turn cannot be construed as done under the election contained in the bill of lading, but as a subsequent favor to the captain independent of the bill of lading, and imposing no liability under it.

The libellant should have judgment for the amount tendered, and deposited in court, with costs prior to the tender to the libellant, and with costs since the tender to the respondent.