URIAH SCHOLL, Appellant, v. THE ALBANY AND RENSSELAER IRON AND STEEL COMPANY, Respondent.

A consignee, who is owner of the consigned cargo, is liable to the owner or master of the vessel for damages in the nature of demurrage, for unreasonable delay in discharging the cargo after arrival, although the bill of lading contains no stipulation as to demurrage, and prescribes no time within which the cargo shall be discharged.

By a bill of lading of a cargo of coal, the carrier was to discharge the cargo at the port of destination. On arrival he reported to the defendant, the consignee and owner of the coal, and requested to be discharged, offering to do the shoveling of the coal if defendant would provide for taking it away; this it declined to do, insisting that plaintiff should take his turn at the wharf, and he was detained some seven days over the customary time for discharging such cargo. In an action to recover demurrage, held, that there was in effect an offer to perform on the part of plaintiff, and that it was a question of fact to be determined upon all the circumstances whether there was unreasonable delay on the part of defendant in discharging.

Cross v. Beard (26 N. Y. 85), distinguished.

(Argued March 4, 1886; decided March 23, 1886.)

APPEAL from judgment of the General Term of the Court of Common Pleas in and for the city and county of New York, entered upon an order made March 15, 1883, which reversed a judgment in favor of plaintiff, entered upon a decision of the court on trial without a jury.

This action was brought to recover damages in the nature of demurrage.

Plaintiff was the owner of a canal boat, the "*Irwin Scholl*," upon which was shipped a cargo of coal, to be transported to Hudson, N. Y., of which cargo defendant was the owner and consignee. By the bill of lading, plaintiff was to carry the coal and discharge it at the port of destination. On arrival, plaintiff reported to defendant and requested to be discharged, offering to do the shoveling of the coal if defendant would provide for taking it away. · Three boats with cargoes from the same shipper had arrived ahead of plaintiff, and he was told he must wait his turn and be discharged at the same dock.

Plaintiff's boat was detained eleven days ; three and one-half days was the customary time for discharging such a cargo. Defendant had another wharf and derrick.

*J. A. Hyland* for appellant. The consignee of a cargo, whether the cargo is to be discharged by the carrier or the consignee, is in duty bound, on notice of the arrival and readiness of the vessel to discharge her cargo, to provide a proper berth, customary facilities and room for unloading the cargo, and a dock such as the business ordinarily requires. If any delay to the vessel arises from the negligence of the consignee to furnish such berth, place or room for unloading the cargo, then the consignee is legally bound to pay for the use of said vessel while so detained, whether so provided in the bill of lading or not. (*Paquette* v. *A Cargo of Lumber*, 23 Fed. Rep. 301 ; *Fulton* v. *Blake*, 5 Biss. 371 ; 12 Am. L. R. 779.) In the absence of express agreement a contract is implied that the owner and consignee of goods will provide for discharging them in a reasonable time. (*Cross* v. *Beard*, 26 N. Y. 85, 91, 92.) The failing to designate a place at which the plaintiff could discharge his vessel, and holding his vessel there for defendant's own convenience, is sufficient to make defendant responsible for the use of the vessel after the customary and reasonable time to discharge had expired. (*Crawford* v. *Miller*, 1 Fed. Rep. 638 ; *Philadelphia & R. R. R. Co.* v.

*Northam*, 2 Ben. 1, 4 ; *Paquette* v. *A Cargo of Lumber*, 23 Fed. Rep. 301.)

*Wm. C. Holbrook* for respondent. If a bill of lading contains no provision for the payment of demurrage by the consignee, he is not liable therefor, even upon his acceptance of the cargo. (*Gage* v. *Morse*, 12 Allen [Mass.], 410 ; *Sprague* v. *West*, 1 Abb. Adm. R. 548 ; *Henly* v. *Brooklyn Ice Co.*, 14 Blatchf. 522 ; *Crawford* v. *Jessup & Moore Paper Co.*, 24 Fed. Rep. 303 ; *Fisher* v. *Abeel*, 44 How. Pr. 432 ; *Davidson* v. *Four Hundred Tons Iron Ore*, 18 Fed. Rep. 94.) Plaintiff should have at least made an unconditional demand for a dock from where he could have discharged himself. In accepting defendant's offer he elected to be discharged according to the usual course in the customary way, and at the dock where such cargoes were usually discharged. (*Groatstadt* v. *Whitthoff*, 15 Fed. Rep. 265–68 ; *Teilman* v. *Clark*, 17 id. 268 ; *McLaughlin* v. *Albany and Rensselaer Iron and Steel Co.*, 61 How. Pr. 439.)

ANDREWS, J. It seems to be the prevailing doctrine that a consignee, who at the same time is the owner of the cargo, is liable to the owner or master of the vessel for damages in the nature of demurrage, for an unreasonable delay in discharging the vessel after arrival, although the bill of lading contains no stipulation as to demurrage, and prescribes no time within which the cargo shall be discharged. (*Henley* v. *Brooklyn Ice Co.*, 14 Blatchf. 522 ; *Cross* v. *Beard*, 26 N. Y. 85 ; *Fulton* v. *Blake*, 5 Biss. 371.) The coal which formed the cargo of the " *Scholl* " had been purchased by the defendant of the shipper, and was shipped by the vendor to the defendant at Hudson. Upon the facts proved, the defendant as between it and the carrier was both owner and consignee of the cargo. The General Term reversed the judgment of the trial court on the ground that the plaintiff, the master of the " *Scholl*," in view of the fact that by the bill of lading he was not only to carry the coal but also to discharge it at the port of destination, was

bound, in order to put the defendant in default, to call upon the defendant on arrival to designate a place where it could be unloaded. We are of opinion that when the plaintiff on arrival reported to the defendant and requested to be discharged, and offered to do the shoveling of the coal if the defendant would provide for taking it away, which it declined to do, but insisted upon his taking his turn in unloading at the wharf, he did what was equivalent to an offer to perform the contract on his part. It then became a question of fact to be determined upon all the circumstances, whether there was unreasonable delay on the part of the defendant in discharging the vessel. We do not perceive that the case of *Cross* v. *Beard* (*supra*) has any material application. In that case the court reversed the judgment of the trial court in favor of the plaintiff, for the exclusion of evidence offered by the defendant, tending to show that the delay in unloading at the defendant's wharf was owing to a *vis major*, and was not the fault of the defendant. The fact that the defendant had declined upon the request of the plaintiff to allow him to unload at some other wharf, did not render the error harmless. The court held that it was for the jury to determine upon all the facts, whether the defendant had unreasonably delayed the discharge of the vessel. We think there was no error of law committed by the trial court, and we cannot, upon this appeal, review the findings of fact.

The judgment of the General Term should, therefore, be reversed, and the judgment of the trial court affirmed.

All concur.

Judgment accordingly.