### RACKETT v. STICKNEY and others.

(*Circuit Court, S. D. New York.* June 29, 1886.)

DEMURRAGE—CONDITION LIMITING—PRINTED CONDITION.

    The libelant made an agreement with defendant to carry a cargo of coal to Boston, and received an order, directed to defendants' agent, giving instructions as to the loading, etc. This order contained the following: "This order is taken by the captain subject to the conditions printed on the back hereof." On the back was this indorsement: "No liability for demurrage or other charges shall be incurred by S. C. & Co., the cargo, or consignee thereof, for any delay in the loading; such delay to be borne by the vessel or boat." In an action for demurrage on a delay caused by S. C. & Co., it was held that the above condition was not binding on the vessel; that although it was signed by the master, this order was only a direction to the shipper's agent, and there was no proof that the master's attention had been called to the condition.

In Admiralty.

*Hyland & Zabriskie,* for respondents and appellants.
*Wilcox, Adams & Macklin,* for libelant and appellee.

WALLACE, J. The libelant, through a broker, made an agreement with the defendants November 13, 1884, to carry a cargo of coal on the schooner Ireland for them from South Amboy, New Jersey, to Boston, at a specified freight. The defendant's office was in New York city, where the contract was made. They promised that the cargo should be delivered on the seventeenth day of November. The master of the schooner was present at the time of the negotiations. After the terms were agreed upon, the defendants, in the presence of the broker, handed the master an order, directed to their shipping agent at South Amboy, instructing the latter to load the schooner with coal, stating the name of the consignee, and the rate of freight, and directing him to make an advance when the schooner was loaded. The terms of the order were written into a printed blank, which, below the signature of the defendants, contained the following:   "This

order is taken by the captain subject to the conditions printed on the back hereof." On the back was the following indorsement: "No liability for demurrage or other charges shall be incurred by Stickney, Conyngham & Co., [the defendants,] the cargo, or consignee thereof, for any delay in the loading; such delay to be borne by the vessel or boat." The master took the order without reading the conditions, and delivered it to the defendants' shipping agent. The schooner was detained, by the delay of the defendants, three days after the seventeenth, the defendants not being prepared to deliver the cargo. The district court decreed for the libelant for three days' demurrage, and the defendants have appealed.

The appellants rely upon the defense that there was a special contract between themselves and the libelant, whereby they were to incur no liability to the libelant for any delay in loading the schooner, the delivery to and acceptance by the master of the order, with the condition on its back, constituting such special contract. As the order was delivered to the master in the presence of the broker, the case may be considered as though the order had been delivered to the broker himself, and is thus relieved of any question as to the authority of the captain to modify a contract which had been concluded between the libelant and defendants. The real question, then, is whether an assent on the part of the libelant to a contract differing from that which had previously been made between the parties is to be presumed from the acceptance of the order containing the restrictive conditions as to the liability of the defendant. Assent is conclusively presumed where a unilateral instrument, such as a deed or policy of insurance, is delivered by one of the parties to, and accepted by the other as the result of, verbal negotiations. So, also, it is ordinarily presumed where a shipper takes from a carrier a bill of lading or receipt expressing the conditions of the reception and transportation of the goods, which is his only voucher and evidence of the liability of the carrier. Under such circumstances, the verbal negotiations are merged in the written paper, which must be taken as the evidence, and the only evidence, of the final and deliberate agreement of the parties, except when fraud or mistake is shown; and mistake can only be shown as the ground of equitable relief to form the contract. The last class of cases is not without exceptions, as where the conditions are on the back of the receipt. See *Railroad Co.* v. *Manufacturing Co.*, 16 Wall. 318; *Ayres* v. *Western R. Corp.*, 14 Blatchf. 14; *Henderson* v. *Stevenson*, 2 H. L. Sc. App. Cas. 470.

There is another class of cases in which a party seeks to relieve himself from the obligations of an implied contract with another, or to supplement the terms of an express contract by the force of printed or written regulations or notices. Notices or regulations made by those exercising a public, or *quasi* public, employment, like carriers, express companies, telegraph companies, and savings banks, are familiar illustrations. In these cases the question always is whether knowledge of the notice or regulation has been brought home to the

other contracting party. The inference that it has been is sometimes irresistible, from the circumstances of the transaction out of which the contract originated. Thus, where the sender of a message by a telegraph company writes his message upon blanks furnished to him by the company, containing the conditions upon which the latter undertakes to act, the courts have held that, by delivering the message, the sender assents to the conditions specified. *Young* v. *W. U. Tel. Co.*, 65 N. Y. 163; *Wolf* v. *W. U. Tel. Co.*, 62 Pa. St. 83. So, also, where a depositor in a savings bank at the time of making his deposit receives from the bank and retains a pass-book containing printed conditions authorizing the bank to pay the deposit to any person producing the pass-book, it is held that the depositor assents to the conditions as a part of the contract. *Schoenwald* v. *Metropolitan Sav. Bank*, 57 N. Y. 418.

The authorities fall short, however, of supporting the proposition that assent is to be implied, as a matter of law, to the modification of a contract which has been concluded verbally by the acceptance by one party from the other of an order directed by the latter to his own agent, which is to be delivered to the agent, and retained by him. The order was a letter of instructions from the defendants to their own agents. The libelant's broker had no reason to assume that he was expected to study its terms. It was delivered to him, or to the master of the schooner, not to be retained by him as evidence of the verbal contract, but to be transmitted to the defendants' agent for his information. Treating it as a voucher that the master was to receive a cargo of coal from the defendants' agent, the master could not be expected to assume that it was intended to qualify the promise of the defendants that the cargo should be ready for delivery upon a specified day. A somewhat analogous case is that where a ticket is accepted by a railway passenger, which is to be held by him until delivered to the conductor as evidence of the payment of his fare. The passenger's assent to a special contract limiting the liability of the railway company respecting his baggage is not to be implied from the circumstance that there is a notice to such effect printed on the back of the ticket. Actual knowledge of the terms of the notice must be brought home to the passenger, and his acceptance of the ticket is only evidence for the jury of such knowledge. *Brown* v. *Eastern R. Co.*, 11 Cush. 97.

There is evidence, to which it is not important to refer, tending to show that both the libelant's broker and the master of the schooner were aware that similar orders to the one given here, contained printed conditions in substance like those on this order. But the witnesses were examined before the district judge, and, after a full opportunity to judge of their credibility, he came to the conclusion that they were not aware that the order in question contained such conditions. His judgment on this question should be accepted as correct.

The decree of the district court is therefore affirmed, with interest and costs.