VAN ETTEN *v.* NEWTON *et al.*

(*Common Pleas of New York City and County, General Term.* June 3, 1889.)

DEMURRAGE—ALLOWANCE.

Where the hirer of a vessel, which can be loaded in five hours, does not load her until 10 days after the vessel is placed at his service, and seven days after the time allowed him by the owner, he is liable, even without any express contract, for damages in the nature of demurrage.

Appeal from trial term.

Action by Ambrose Van Etten against George B. Newton and others. Judgment for plaintiff. Defendants appeal.

Argued before LARREMORE, C. J., and ALLEN, J.

*Edward D. McCarthy,* for appellants. *Hyland & Zabriskie,* for respondent.

LARREMORE, C. J. This was an action to recover damages in the nature of demurrage for seven days' detention of plaintiff's canal-boat J. M. Burt, at

Perth Amboy, N. J., while waiting there for a cargo of coal. The order was given to the plaintiff on May 8. 1888, and the canal-boat arrived at Perth Amboy on the same day, but it was not loaded until May 17th, except that 80 tons of the cargo were placed in her on May 15th. Plaintiff bases his action— *First*, for a violation by defendants of their implied contract to load the boat within a reasonable time; *second*, for a violation of their express contract to load her on May 10th; and, *third*, for a failure to load her on the 15th, after they had commenced to load her, and had placed 80 tons of coal in her. It was admitted by the defendants that the boat could have been loaded in five hours, if the cargo had been there. Plaintiff testified it would take from three to five hours. Mr. Uhler, the shipping agent of the defendants, testified: "*Question.* When Capt. Van Etten came to you, on May 8th, did he not state that his steamer would be loaded on the 10th? *Answer.* He may have done so. I don't remember. *Q.* Did he not say his steamer was going to the same place that the boat was consigned to? *A.* He may have. *Q.* Did he not say that he did not want to detain the steamer that would be loaded by the 10th to wait for a cargo on the canal-boat? *A.* He did." The canal-boat was a consort to the steamer, which was to tow it to its place of destination. It seems reasonably certain that the delay from the 8th to the 17th was an unjust and improper delay, for which the defendants are liable. Aside from the implied contract to load the boat within a reasonable time, the plaintiff swears that the defendants agreed to load his boat by Thursday, May 10th, as before stated. Even in the absence of such an agreement, plaintiff would be entitled to recover demurrage for the same number of days, for the reason that he allowed the defendants three days to load the boat, which could be loaded in from three to five hours, and any detention beyond these three days would necessarily be unjust, for which the plaintiff could recover. The freighter is liable to the vessel for any unnecessary detention in loading or unloading, although no express contract is made on the subject. *Sprague* v. *West*, Abb. Adm. 548, 555; *The M. S. Bacon* v. *Transportation Co.*, 3 Fed. Rep. 344. In the latter case it was held "that an express stipulation for demurrage in the contract of affreightment is not necessary to entitle the owner of a vessel to compensation for her unnecessary or improper detention in loading or unloading. Reasonable promptitude in delivering a cargo at its point of shipment, and receiving it at its place of destination, is a duty implied in such contracts, and for a violation of it damages in the nature of demurrage are recoverable." These cases dispose of the question raised by the defendants' counsel, that an action for demurrage cannot be maintained without a special contract. *Fisher* v. *Abeel*, 66 Barb. 381, holds: "When no time is fixed for loading or unloading, it is to be done in reasonable time, and what constitutes a reasonable time is for the jury. * * * Although there is no express agreement for demurrage, damages in the nature of demurrage may be recovered against the owner of the cargo, when he improperly detains the vessel beyond a reasonable time for loading or unloading." The original shipper of goods upon a boat or vessel for transportation, under an ordinary bill of lading or its equivalent, remains liable to the master for freight money earned, although the latter delivers consignment without exacting payment for carriage of the consignee. This is so, although the consignee offers to pay the freight, which the master refuses to receive. *Gilson* v. *Madden*, 1 Lans. 172. In the case of *Rackett* v. *Stickney*, 23 Blatchf. 566, 27 Fed. Rep. 878, notwithstanding a printed clause indorsed on the order for shipment, "that no liability for demurrage or other charges shall be incurred by [the defendants,] the cargo, or consignee thereof, for any delay in the loading, to be borne by the vessel or boat," that court held that the clause was not binding upon the plaintiff, but that he could recover damages for the improper delay at the shipping port. It is quite evident that the defendants are at least liable for the detention of the boat from May 15th to May 17th. This showed an improper detention of three days, and plaintiff

swears that the canal-boat in question at that time was worth $20 a day. It might also be inferred from the evidence that the boat was improperly detained seven days in loading over and above a reasonable time; also that the defendants violated their express contract with the plaintiff to load the boat on May 10th. The judgment rendered was for about half the amount sued for, and appears to be a moderate sum for the damages which the plaintiff sustained by reason of the defendants' acts. In the case of *James A. Dumont*, 34 Fed. Rep. 428, it was held that "the amount to be allowed for the detention of a vessel is the value of her use, and evidence of the expenses of the voyage, and the time it has taken, including the loading and unloading, is competent to show the net value of the vessel per day." The judgment appealed from should be affirmed, with costs. ALLEN, J., concurs.