## VAN ETTEN *v.* NEWTON *et al.*

*(Common Pleas of New York City and County, General Term.  December 2, 1889.)*

APPEAL—REHEARING.

Where judgment has been rendered for demurrage on the ground that the delay was due to defendants' negligence, and it afterwards appears that the delay was due to third persons, and that defendants had stipulated with plaintiff that they should not be liable for demurrage unless the delay was improperly caused by defendants, a rehearing will be granted.

Motion for reargument, or for leave to appeal to the court of appeals.

For statement and former opinion, see 6 N. Y. Supp. 531.

Argued before LARREMORE, C. J., and DALY and VAN HOESEN, JJ.

*Edward D. McCarthy,* for appellants.  *Hyland & Zabriskie,* for respondent.

DALY, J.  There is no question of law in this case which would justify us in sending the appeal to the court of appeals. The effect of the stipulation in the order for the coal which the defendants gave to plaintiffs was to relieve them from liability for demurrage, unless the detention of the boat was due to other than unjust or improper delay on defendants' part in loading, where it does not appear that the recipient of the order was ignorant of the conditions indorsed upon it. *Rackett* v. *Stickney,* 23 Blatchf. 566, 27 Fed. Rep. 878. But there is a question of fact in the case upon which appellant should be allowed an opportunity to be heard; that is, whether the delay in loading the boat from the 8th to the 17th of May, or for any part of that time, was an unjust and improper delay. I find from the evidence that the defendants had no control over the transportation of coal from the mine to Perth Amboy; that they ordered it on the 10th, but none came until the 15th, when 80 tons arrived, and were put on the boat,—the balance not arriving until the 17th, when the loading was completed; and that the sole fault lay with the railroad company. Against the default of third parties the defendants might reasonably avail themselves of their stipulation, and this seems to be such a case. And as the decision of this court affirming the judgment was placed upon the ground that the delay was due to the defendants, and was unjust and improper, and as the point was not argued on the appeal, I think a reargument should be permitted.