### SHAVER *v.* GILLESPIE.

*(Common Pleas of New York City and County, General Term.* June 6, 1892.)

REVIEW ON APPEAL—WEIGHT OF EVIDENCE.
Where the issue is whether certain damages were caused by *vis major* or defendant's negligence, and the decision of the trial judge is sufficiently supported by the evidence, it will not be disturbed.

Appeal from district court.

Action by Jacob Shaver against Fred R. Gillespie for damages in the nature of demurrage. Judgment for plaintiff. Defendant appeals. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

*J. R. MacArthur,* for appellant. *Hyland & Zabriskie,* for respondent.

PRYOR, J. The facts of the delay in unloading plaintiff's boat, and the amount of damages, if any be recoverable, are uncontested; but the issue in controversy is whether *vis major* or defendant's negligence be accountable for that delay and those damages. It is settled law that, though the bill of lading be silent as to lay days and demurrage, still the freighter "is liable to the master of the vessel for damages for unreasonable delay in discharging the cargo after arrival." *Scholl* v. *Steel Co.,* 101 N. Y. 602, 5 N. E. Rep. 782; *Van Etten* v. *Newton,* (Com. Pl. N. Y.) 6 N. Y. Supp. 531, 7 N. Y. Supp. 663, and 8 N. Y. Supp. 478. Failure to provide a safe berth, and a proper dock and customary facilities for unloading, is such negligence as imposes a responsibility for damages on the freighter. *Paquette* v. *A Cargo of Lumber,* 23 Fed. Rep. 301; *Fulton* v. *Blake,* 5 Biss. 371. In *McLaughlin* v. *Steel Co.,* 8 Fed. Rep. 447, the adjudication turned on the peculiar phraseology of the bill of lading. On the other hand, it is equally clear that for delay in unloading caused by *vis major,* the consignee is not liable. *Cross* v. *Beard,* 26 N. Y. 85. But the *vis major,* and not the negligence of the consignee, must be the cause of the tardy unloading. *Bowen* v. *Decker,* 18 Fed. Rep. 751. Which of the two causes, namely, *vis major* or defendant's negligence, was accountable for the delay in unloading plaintiff's boat, was strenuously litigated on the trial; and the decision of the justice, not being without sufficient support in the evidence, is not open to reversal by this court. *Scholl* v. *Steel Co.,* 101 N. Y. 602, 5 N. E. Rep. 782. Judgment affirmed, with costs.

All concur.