(152 App. Div. 503.)

### WASHBURN v. EMPIRE BRICK & SUPPLY CO.

(Supreme Court, Appellate Division, Third Department.    September 11, 1912.)

**1.** SHIPPING (§ 177*)—DEMURRAGE—LIABILITY OF CONSIGNEE.

A consignee and owner of a cargo is liable to the owner of the vessel for damages in the nature of demurrage for unreasonable delay in discharging the cargo after arrival, though the bill of lading contains no stipulation as to demurrage and prescribes no time within which the cargo shall be discharged.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 576–582, 584; Dec. Dig. § 177.*]

**2.** SHIPPING (§ 177*)—DEMURRAGE—LIABILITY OF CONSIGNEE'S VENDEE.

The vendee of the consignee of a cargo is liable to the owner of the vessel for damages resulting from unreasonable delay by the vendee in unloading.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 576–582, 584; Dec. Dig. § 177.*]

Appeal from Trial Term, Ulster County.

Action by George Washburn against the Empire Brick & Supply Company.   From a judgment for plaintiff, and from an order denying a new trial, defendant appeals.   Affirmed.

Argued before SMITH, P. J., and KELLOGG, HOUGHTON, BETTS, and LYON, JJ.

Howard Chipp, of Kingston, for appellant.

Amos Van Etten, of Kingston, for respondent.

LYON, J.   The plaintiff, who was the owner of a barge, manned by a crew in his employ, verbally chartered the same to the Dinans, who were manufacturers of brick at East Kingston, N. Y., to carry a load of their brick from their yard to New York City, there to be sold.   The barge, loaded with brick, was towed to the dock near Fifty-Second street, North river, which was the public market place for the sale of brick, and on the 13th day of November, 1909, the cargo of brick was sold by the Dinans, through their broker, McNamara, to the defendant, which was a dealer in building materials.   At the time of the sale, the broker delivered to the captain of the barge a writing, as follows:

"New York City, November 13, 1909.

"Cap. Henry Fox, Bg. Nellie H.: Deliver cargo Hd. brick at dock Fordham Landing Harlem river for Empire Brick & Supply Co. who will please pay you 9/– per M freight & Ex. towing less 33–75/00 dol. at yard.   John C. McNamara."

The city authorities did not allow brick to be piled upon the docks, making it necessary to load them at the barge upon trucks furnished by the defendant; the men upon the barge assisting in the loading by tossing the brick to the truckmen, which the crew upon plaintiff's barge were at all times in readiness to do.   In this manner from sixty to one hundred thousand brick could be unloaded daily.   The sale of the cargo of brick by the Dinans to de-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

fendant was subject to the conditions for usual and ordinary time for unloading. By the terms of the sale, the cargo was to be delivered by the Dinans at Fordham Landing, East river, which was a public dock of the city of New York, at which the barge arrived and was placed for unloading November 15th or 16th. Defendant commenced unloading on that day, and on November 20th paid the captain in charge of the barge $75 on account. On November 16th, 20th, and 27th plaintiff notified defendant that he wished the barge promptly unloaded, and on November 29th the plaintiff sent the defendant a telegram, saying he should claim $15 per day demurrage after reasonable time for unloading, to which the defendant answered:

"We do not recognize having had any transaction with you regarding the above matter and deny any responsibility for the bill."

By December 1st the defendant had unloaded about two-fifths of the cargo, at which time the defendant ordered the barge towed to Kingsbridge, where the unloading was completed about December 10th and the barge released. In the latter part of December, 1909, the plaintiff obtained from the Dinans an assignment of any claims which might exist in their favor, growing out of the delay in unloading the barge, and authorizing the plaintiff in his name or otherwise, but at his expense, to enforce the same. Soon thereafter this action was brought to recover damages for 15 days' detention of the barge after the expiration of usual and ordinary time for unloading. The defense was interposed that the cargo was unloaded within the usual and ordinary time for unloading, and that the defendant, as vendee of the consignee, was not liable to plaintiff on contract, express or implied. Upon the trial the jury awarded the plaintiff a verdict for $130, for which, with costs, the judgment appealed from was entered.

The verdict was fully warranted by the evidence in case a liability existed upon the part of the defendant to the plaintiff on account of unreasonable delay upon the part of the defendant in unloading the cargo.

[1] That a consignee, who is the owner of the consigned cargo, is liable to the owners of the vessel for damages in the nature of demurrage for unreasonable delay in discharging the cargo after arrival, although the bill of lading contains no stipulation as to demurrage and prescribes no time within which the cargo shall be discharged, must be regarded as settled in this state. Scholl v. A. & R. Iron & Steel Co., 101 N. Y. 602, 5 N. E. 782; Dayton v. Parke, 142 N. Y. 391, 37 N. E. 642.

[2] The vendee of the consignee is also liable to the owner of a vessel for damages resulting from unreasonable delay upon the part of the vendee in unloading. Houge v. Woodruff (D. C.) 19 Fed. 136; Two Hundred and Seventy-Five Tons of Mineral Phosphates (D. C.) 9 Fed. 209.

In the case at bar the defendant was the consignee of the cargo of brick after it left the dock at Fifty-Second street for Fordham Landing as certainly as though he had bought the brick while still

in the Dinans' yard at East Kingston, or on the trip down the river; and upon the placing of the barge for unloading at Fordham Landing, and the occurrences hereinbefore detailed constituting an acceptance of the cargo, the defendant was both the consignee and owner, and as the delay complained of occurred subsequent, thereto, and was found by the jury to have been the fault of the defendant, the judgment should be affirmed.   All concur.