LANCASTER et al. v. SANFORD et ux.
(No. 9367.)

(Court of Civil Appeals of Texas. Ft. Worth. June 26, 1920. Rehearing Denied Oct. 16, 1920.)

Carriers ⬧405(3) — Limitation on back of ticket as to liability of carrier for loss of baggage not binding.

One checking a grip in a railroad station is not bound by a printed notice on the ticket, limiting the liability of the carrier in case of negligent loss, unless he has knowledge of such limitation and assents thereto.

Appeal from Tarrant County Court; W. P. Walker, Judge.

Action by J. M. Sanford and wife against J. L. Lancaster and Pearl Wight, receivers of the Texas & Pacific Railway Company. Judgment for plaintiffs, and defendants appeal. Affirmed.

Thompson, Barwise, Wharton & Hiner, and F. B. Walker, all of Ft. Worth, for appellants.
Moses & Rowe, of Ft. Worth, for appellees.

⬧For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

CONNER, C. J. This suit originated in a justice court, and is now pending before us on appeal from a judgment in favor of appellees from the county court, where it appeared on appeal from the justice court. The suit was instituted by the appellees J. M. Sanford and wife against J. L. Lancaster and Pearl Wight, receivers of the Texas & Pacific Railway Company, to recover the value of a grip or hand bag and its contents deposited by them for safe-keeping in the check room of the railway company at its depot in Ft. Worth, Tex., while they were in transit on a through ticket from Mineral Wells to their home in Amarillo, and while waiting for a train upon which to proceed. At the time of the deposit of the grip, the keeper of the check room, who was an agent of the receivers, delivered to appellees the following printed check:

"No. F. 93508. The Texas & Pacific Railway Company. Fort Worth Passenger Station Parcel Room Tag. To the Holder: The charges on the property represented by this tag will be 10¢ per day or fraction of a day, and value of same is limited to $10.00 unless otherwise agreed upon and additional charges paid. If not called for within 90 days it will be sold for charges in accordance with the Statutes for the state of Texas."

It is agreed that the actual value of the grip and its contents was $112.75, and the trial judge in the county court, whose findings of fact and of law are before us, found that the grip had never been returned, and was wholly lost through the negligence of the company. There is no attack made upon the trial court's finding on the issue of negligence.

The material question presented on this appeal is whether, as appellants insisted below and now insist, that the terms of the check delivered to appellees are in legal effect sufficient to limit appellees' recovery to $10 as specified in the check. Appellees at the time of the deposit paid 10 cents as demanded, and there is neither evidence nor finding that a value in excess of $10 was otherwise agreed upon. The trial court however, found there was no evidence that the plaintiffs' attention was called to the stipulation on the check limiting the value of the grip and contents of $10, and that such limitation was not only unreasonable, but also that the receivers, as bailees for hire, could not lawfully so limit their liability for the negligence of their agents and servants.

Whether or not a contract of the kind, if established by the evidence, is unreasonable as a matter of law, or cannot legally be made, we need not and do not in this case decide. We are, nevertheless, of the opinion that we must approve the trial court's judgment. Ordinarily, a person who has signed or received a contract in writing is presumed to assent to its terms, and in the absence of fraud, accident, or mistake the presumption is conclusive, but this rule does not obtain in the case of a mere receipt of an instrument for a temporary purpose, which is to be again surrendered to the party delivering it, such as a passenger ticket. See Abbott's Proof of Facts, p. 229, par. 2. Thus in a somewhat analogous case (Brown v. Eastern Ry. Co., 11 Cush. [Mass.] 97), it was held that, where a ticket was accepted by a railway passenger to be held by him until delivered to the conductor as evidence of the payment of his fare, the assent of the passenger to a special contract on the back of the ticket limiting the liability of the railway company in respect to his baggage was not to be implied from the circumstances that there was a notice of such limitation printed on the back of the ticket. It was held that actual knowledge of the terms of the notice must be brought home to the passenger, and that his acceptance of the ticket was only evidence for the jury's consideration in determining whether or not the passenger assented to the limitation. We do not, therefore, feel prepared to hold that the printed check delivered to appellees amounts in legal effect to a contract. It was not signed by any one. It amounts to no more than a mere declaration that the value of the grip was limited to $10, unless otherwise agreed upon, and within and of itself, without supplementary proof of an assent thereto on the part of appellees, can scarcely be said to import an agreement on the part of appellees to abide by the declaration. In other words, the check is in the nature of a mere token, serving the function of identifying the property when its return was demanded, and without terms, which, in the absence of a proven assent thereto by appellees import, or that can be held to import, any kind of agreement. As to such instruments, it would seem to be necessary, in order to make them operate as contracts, to allege and show that the person against whom they are invoked had knowledge of any limitation or qualifying condition therein contained and assented thereto. There is high authority for holding that the burden of proof rests upon those who invoke a limiting clause in such instruments to show that the party receiving it had his attention called thereto and assented to the terms. Thus in the case of B. & O. Ry. Co. v. Harris, by the Supreme Court of the United States, 12 Wall. 65, 20 L. Ed. 354, it was said (quoting from the head notes):

"The burden of proof of knowledge by a passenger, of a memorandum on his ticket limiting the liability of a railway company, and of his assent to it, rests upon the company."

The case on Dodge v. N. C. & St. L. Ry. Co., 215 S. W. 274, 7 A. L. R. 1229, is a case very closely in point. There the plaintiff and his wife were en route from Florida to

their home in Cincinnati, and while passing through Chattanooga, where they were compelled to lay over for a few hours waiting for a train which was to carry them on to their destination, deposited with the keeper of the railway company's check room their suit case, and paid a fee of 10 cents. The young lady in charge delivered to the plaintiffs a check for the baggage on the face of which the following was printed in red letters:

"Notice.—Not responsible for amount to exceed $10 on any article covered by this check."

It was held that in the absence of evidence showing that the plaintiffs in that case had their attention called to the limitation printed upon the check they were not bound by the limiting terms, and that the railway company was liable for the full value of the goods lost through its negligence. In the course of the opinion, the court quoted with approval the following from Corpus Juris, vol. 6, p. 112:

"The parties to a bailment may diminish the liability of the bailee by special contract, the principle being that the bailee may impose whatever terms he chooses, if he gives the bailor notice that there are special terms, and the means of knowing what they are; and, if the bailor chooses to make the bailment, he is bound by them, provided the contract is not in violation of law or of public policy, and that it stops short of protection in case of fraud or negligence of the bailee; and provided, further, that the terms of the contract are clear; such stipulations being strictly construed."

The court also cited the case of Healy v. N. Y. C. & H. Ry. Co., 210 N. Y. 646, 105 N. E. 1086, which was a case also identical with the one now before us, and from which we quote the following:

"The plaintiff having had no knowledge of the existence of the special contract limiting the liability of the defendant to an amount not exceeding $10, and not being chargeable with such knowledge, the minds of the parties never met thereon, and the plaintiff cannot be deemed to have assented thereto, and is not bound thereby."

See, also, Fitchburg Ry. Co. v. Freeman, 12 Gray (Mass.) 401, 74 Am. Dec. 600; Rackett v. Stickney (C. C.) 27 Fed. 878.

We approve the holdings referred to, and, as before stated, concur in the conclusions of the trial judge to the effect that appellees in the absence of a showing that their attention was called to the limitation of liability invoked in this case was not bound thereby, and that in consequence of the loss of their goods through the negligence of the railway company the latter is liable for the agreed value of the goods.

The judgment will accordingly be affirmed.