ARCHIE LONG, Respondent, *v.* THE NEW YORK CENTRAL RAILROAD COMPANY, Appellant.

Where a shipper of property takes from the carrier a bill of lading, receipt or other voucher expressing the terms and conditions upon which the property is to be transported, the writing, in the absence of proof of fraud or mistake, must be taken as the evidence, and the sole evidence, of the final agreement of the parties, and by it their duties and liabilities must be regulated. Resort cannot be had to prior parol negotiations to vary its terms.

(Argued June 12, 1872; decided June 20, 1872.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, affirming a judgment in favor of plaintiff entered upon a verdict.

This action was brought against defendant as a common carrier for an alleged refusal to deliver 500 empty pork barrels received from plaintiff at Buffalo, under an agreement to transport to and deliver to plaintiff at New York.

In November, 1866, plaintiff's agent purchased at Buffalo, 500 empty pork barrels. He negotiated with defendant's agent for their transportation to New York, and, according to his testimony, such agent agreed to transport them for sixty cents per 100 pounds, actual weight. Miles Jones & Sons, from whom they were purchased, delivered them to defendant a day or two after, taking a receipt, by which defendant agreed to transport the barrels from Buffalo to Albany, and thence forward to New York; "freight to New York, sixty cents per 100 pounds at estimated weight." The receipt was sent to plaintiff at New York. It was proved that the words "estimated weight," as used, meant that each barrel was estimated to weigh 100 pounds. The barrels averaged forty pounds each. Defendant transported them to Albany, and thence forwarded them to New York. Plaintiff produced the receipt and demanded the barrels, offering to pay the freight at sixty cents per 100 pounds, actual weight. Delivery

was refused unless he would pay sixty cents per barrel. Other facts appear in the opinion.

*Charles S. Fairchild* for the appellant.

*Livingston K. Miller* for the respondent. It was a proper question for the jury whether the contract, under which the goods were shipped, was verbal or in writing. (*Marshall* v. *N. Y. C. R. R.*, Albany Law Journal, February 3, 1872, p. 74; *Bostwick* v. *B. and A. C. R. R.*, 45 N. Y., 712; *Cary* v. *N. Y. C. R. R.*, Court of Appeals, April, 1871.)

ALLEN, J. There was a conflict of evidence as to the contract for the carriage of the barrels so far as the same rested in parol, and depended upon the verbal negotiations and understanding of the agents of the respective parties. The witnesses differed widely in their recollection and version of the terms of the proposal made by the one party and assented to by the other; and the disagreement of the witnesses was in respect to the freight, an essential and material part of the agreement. If the rights of the parties depend upon the agreement, thus made and consummated by the verbal negotiations of the actors, the verdict of the jury is conclusive upon this branch of the case, and the contract must be assumed to be that which the jury, by their verdict, have found it. The contract is one which is ordinarily reduced to writing before or at the time its performance is entered upon. Goods are seldom transported by common carriers except under an agreement evidenced by a written instrument in some form. The shipper of property, either by land or water, ordinarily takes from the carrier a bill of lading, receipt or other voucher acknowledging the receipt of the goods, and the purpose for and the terms and conditions upon which they are received. The evidence in this case accords with what, from experience, may almost be assumed to be the universal custom of common carriers, to wit, that freight is always carried by this defendant under a written contract. The evidence

is that at the time the barrels were received by the defendant a receipt was given to the party delivering them, expressing the terms of the contract, and that this receipt was presented by the plaintiff at the time he demanded the property. The property was delivered to and the receipt or contract accepted by the party representing the plaintiff, who at the time requested the defendant's agent to take it at a lower rate, which was refused. This testimony on the part of the defendant is unexplained and uncontroverted by the plaintiff. The verbal contract was merged in the written agreement, and the latter must be taken as the evidence, and the sole evidence, of the final and deliberate agreement of the parties. If it did not embody truthfully the terms of the agreement as actually made, the plaintiff or his agent should not have received it or assented to the carriage of the property under it; if accepted by the agent by mistake, that fact should be shown. But at the time of the receipt of the goods, and the delivery of the shipping receipt or contract for the carriage, the parties were in a situation to correct any mistake or misunderstanding as to the terms of the verbal agreement, and definitely adjust its terms. The one could retain his property or ship by some other carrier, and the other could refuse to accept the goods for carriage except upon such terms as should be agreed to. All prior negotiations and agreements were superseded by the formal written agreement; and by it, and it alone, in the absence of mistake or fraud, the duties and liabilities of the parties must be regulated.

Instead of relying upon the oral agreement of the defendant's agent, the plaintiff has elected to take the express written agreement of the party; and this agreement is perfect as a contract for the carriage of the goods, embracing all essential particulars. The rule that when a contract is reduced to writing recourse must be had to the instrument to ascertain its terms, and that resort cannot be had to prior negotiations to vary its terms, and that everything resting in parol becomes thereby extinguished, was applied to a contract for

the sale of a ship in *Mumford* v. *McPherson* (1 J. R., 414); to a bill of lading in *Creery* v. *Holly* (14 W. R., 26); to a charter of a vessel in *Renard* v. *Sampson* (2 Kern., 561); and to a contract for grading and paving streets in *Riley* v. *City of Brooklyn* (46 N. Y., 444). The rule was recognized in *Bostwick* v. *Baltimore and Ohio R. R. Co.* (45 N. Y., 712); but the case was taken out of the rule by the fact that the goods had been actually shipped under the verbal agreement, and the written agreement, or bill of lading, was sent to the shipper one or two days after the property had been shipped, and after the owner had lost the control of the goods and was in no situation to object to its terms. *Renard* v. *Sampson* (*supra*) is cited with approval in other cases which have been held not within the rule, for the reason that the part of the contract still resting in parol was separable and distinct from that part which had been reduced to writing. (*Witbeck* v. *Waine*, 16 N. Y., 532; *Barker* v. *Bradley*, 42 N. Y., 316.) Here the contract was entire and the written instrument was complete, making by itself a perfect contract, and was delivered and accepted by the plaintiff's agent at the time of the receipt of the goods by the defendant; and there are no circumstances in the case, as made, to authorize a resort to the prior verbal negotiations or agreement by the parties. The court held on the trial that the verbal contract was that by which the rights of the parties were to be determined, and the verdict passed against the defendant upon that ruling and the terms of the contract as it rested in parol and was found by the jury. This was erroneous, and entitles the defendant to a reversal of the judgment. By the parol contract, as claimed by the plaintiff and as found by the jury, the barrels were to be carried at a specified rate per hundred pounds actual weight; while, by the written contract, they were to be carried at the same rate " at estimated weight;" and the defendant proved that " estimated weight," as used in the contract, meant that each barrel was estimated to weigh 100 pounds. That this was the true meaning of the term, as there used, was not controverted upon the trial.

The contest was, as to which contract should govern, the verbal or the written, and the plaintiff prevailed in excluding the written and establishing the verbal agreement as the contract of the parties. For this error the judgment must be reversed. Other questions of more or less importance and difficulty are presented; but as the facts may be essentially varied upon another trial they are not considered.

The judgment should be reversed and a new trial granted. All concur.

Judgment reversed.