VAN ETTEN *v.* NEWTON *et al.*

(*Common Pleas of New York City and County, General Term.* February 3, 1890.)

1. EVIDENCE—PAROL TO VARY WRITING.

Where a bill of lading recites that plaintiff has received from defendants, and that defendants have shipped on board plaintiff's boat, a quantity of coal, which the latter agrees to carry to a certain port, parol evidence is incompetent to show that defendants did not in fact sustain the relation of shippers towards plaintiff.

2. DEMURRAGE—DELAY OF THIRD PERSONS.

Defendants, having failed to deliver the coal at the time they agreed to, are not relieved from liability for the detention of plaintiff's boat because they were prevented from performance by the negligence of some other person upon whom they had depended for such performance.

On reargument. For former opinions and statements, see 6 N. Y. Supp. 531, and 7 N. Y. Supp. 663.

Argued before BOOKSTAVER and BISCHOFF, JJ.

*Edward D. McCarthy,* for appellants. *Hyland & Zabriskie,* for respondent.

BISCHOFF, J. This action was brought in the first district court to recover damages in the nature of demurrage for the detention of plaintiff's boat, and it was tried by the justice without a jury. On July 10, 1888, judgment was rendered for plaintiff in the sum of $60, which was reversed on appeal as excessive. The second trial, on February 21, 1889, resulted in a judgment for plaintiff for $51, and upon appeal to the general term of this court the last judgment was affirmed; the chief justice writing an opinion in affirmance, which is reported in full in 6 N. Y. Supp. 531. Thereafter defendants were granted leave to reargue the appeal, (7 N. Y. Supp. 663,) and the matter is now again presented for determination on such reargument. The facts are sufficiently stated in the opinion referred to, and a careful examination of the evidence, and of the law stated, fails to show any error in the opinion. Defendants, however, now contend that there is no proof of any contract of shipment between themselves and plaintiff, and that it does not appear that the delay in loading plaintiff's boat is attributable to any fault on their part, and that upon such grounds they are absolved from liability, and the judgment should be reversed. Both contentions are untenable. It appears that

on May 17, 1888, at the time when the loading of plaintiff's boat was completed, plaintiff executed and delivered, and defendants accepted, a bill of lading in the usual form, reciting that plaintiff had received from the defendants, and that the defendants had shipped on board the plaintiff's boat John M. Burt, a quantity of coal intended for Merritt Clark's Sons, of Derby, Conn., which plaintiff agreed to carry to the latter port. This bill of lading was partly printed and partly written, and *prima facie* establishes the contractual relation between the parties to this action. On the trial, however, defendants sought, by proof of verbal negotiations, to divest themselves of the character of "shippers" of the coal in question. Such proof was clearly inadmissible for the purpose claimed. It is held, upon sufficient authority, that a bill of lading partakes of the dual character of receipt and contract. In so far as it is a receipt, it is *prima facie* evidence of its contents only, and may be rebutted by parol. As a contract, however, it establishes the relation of the parties, and the terms upon which the shipment was to be made, and in that character it cannot be disproved by proof of prior parol negotiations, in the absence of fraud or mistake. It is conclusive upon the parties thereto. In *Long* v. *Railroad Co.*, 50 N. Y. 78, Judge ALLEN, speaking of the bill of lading, says: "The verbal contract was merged in the written agreement, and the latter must be taken as the evidence, and the sole evidence, of the final and deliberate agreement of the parties. If it did not embody truthfully the terms of the agreement as actually made, the plaintiff or his agent should not have received it, or assented to the carriage of the property under it; if accepted by the agent by mistake, that fact should be shown. But at the time of the receipt of the goods, and the delivery of the shipping receipt or contract for the carriage, the parties were in a situation to correct any mistake or misunderstanding as to the terms of the verbal agreement, and definitely adjust its terms. The one could retain his property or ship by some other carrier, and the other could refuse to accept the goods for carriage except upon such terms as should be agreed to. All prior negotiations and agreements were superseded by the formal written agreement, and by it, and it alone, in the absence of mistake or fraud, the duties and liabilities of the parties must be regulated." There is in the present case no element of fraud or mistake, the contract was deliberately entered into, and the coal was actually put on board of plaintiff's boat; and to permit defendants to prove by parol evidence that in fact they did not sustain the relation of shippers towards the plaintiff would, in effect, be to permit them to disprove the contract of shipment itself, which it is confessed they deliberately entered into, and would involve a denial of the salient principle established by the court of appeals in the case cited.

Neither can the defendants claim to be absolved from liability for the detention of plaintiff's boat, because it does not appear that such detention was due to fault on their part. Plaintiff says that on May 8, 1888, in response to defendants' written request, he called upon their agent Uhler, and at that time received from him written instructions addressed to the railroad company's agent, directing the latter to load plaintiff's boat; that at the same time, in answer to plaintiff's inquiry, he was informed by Uhler that the coal would be delivered on May 10th, and that on the last-mentioned day he had his boat in readiness to receive the coal. There was some conflict of testimony on this point before the trial justice, but in the absence of palpable error or gross injustice, this court is not warranted in reversing the judgment of the court below upon that ground. It must then be assumed, for the purpose of this appeal, that the defendants had undertaken to deliver the coal at a certain time, and, for their failure to deliver the coal at the time agreed upon, they cannot claim to be absolved from responsibility because they were prevented from performance by the neglect or omission of some other person upon whom they had depended for such performance. See *Tompkins* v. *Dud-*

*ley*, 25 N. Y. 272; *Holyoke* v. *Depew*, 2 Ben. 340. The verbal agreement to deliver May 10th cannot be held to vary the terms of the bill of lading. It does not controvert the terms of the latter, and was made and acted upon before the bill of lading, by which the contractual relation of the parties is established, was delivered. The judgment should be affirmed, with costs.