(29 Misc. Rep. 584.)

JAMESON v. SWEENEY et al.

(City Court of New York, General Term. November 16, 1899.)

1. SHIPPING—DEMURRAGE.
Compensation may be recovered by the owner of a vessel for unreasonable detention thereof, though the bill of lading contain no demurrage clause.

2. SAME—LIABILITY OF FREIGHTER.
The freighter is liable to the owner of a vessel for unreasonable delay in discharging the cargo, on failure of the consignee to pay therefor, notwithstanding an agreement between the consignor and consignee that the latter should unload.

Appeal from special term.

Action by William D. Jameson against Elizabeth Sweeney and others. From a judgment on a direction of the trial judge dismissing the complaint, plaintiff appeals. Reversed.

Argued before FITZSIMONS, C. J., and McCARTHY and CONLAN, JJ.

Hyland & Zabraskie, for appellant. ·

J. J. Macklin and Le Roy S. Gove, for respondents.

FITZSIMONS, C. J. Though the bill of lading omits a demurrage clause, compensation in the nature of demurrage may nevertheless be recovered by the way of damages for any unreasonable detention of the vessel. Van Etten v. Newton (Com. Pl.) 6 N. Y. Supp. 531, 7 N. Y. Supp. 663, and 8 N. Y. Supp. 478, affirmed in 134 N. Y. 143, 31 N. E. 334. The vessel in this instance was unreasonably delayed, and a liability followed.

The question is whether such liability rested exclusively on the consignee, as stated by the trial judge, or whether the owner has an option to sue either consignor or consignee, as claimed by the appellant. The trial judge dismissed the complaint on the ground that, according to certain evidence in the case, the discharging of the cargo was to be done by the consignee, and that consequently he, and not the freighter or consignor, was liable for the delay. Assuming this to be a correct statement of the law applicable to such a state of facts, the difficulty is that there was a conflict in the evidence on that subject; the plaintiff having testified that the agreement was that the defendants "were to load the stone and discharge it." If that question was at all material to the issue as to liability, it ought to have gone to the jury, that they might determine the dispute concerning it, and it was error to withhold the case from them.

Apart from this, it was held in Shaver v. Gillespie, 19 N. Y. Supp. 237, by the late court of common pleas at general term, that it is settled law that, though the bill of lading be silent as to lay days and demurrage, still the freighter is liable to the master of the vessel for damages for unreasonable delay in discharging the cargo after arrival. Failure to provide a safe berth, and a proper dock and customary facilities for unloading, is such negligence as imposes a responsibility for damages on the freighter. Under the rule laid down in this and kindred cases, it would seem that the freighter is liable for the demurrage caused by the delay in unloading, and that the question whether the consignor or consignee is to unload is a matter between them, which does not affect the rights of the owner or master of the vessel detained. We think the consignor became liable for the demurrage on the failure of the consignee to pay. The master did not agree to do the unloading, nor find a suitable place therefor, and seems to have been guilty of no neglect concerning the same.

It follows that the judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.