(32 Misc. Rep. 645.)

### JAMESON v. SWEENEY et al.

(City Court of New York, General Term. October 29, 1900.)

1. SHIPPING—BILL OF LADING—CUSTOM.
  Where a bill of lading of a vessel's cargo is silent as to the mode of delivery, it is to be according to the custom of the port or of trade between the parties.

2. SAME—DEMURRAGE.
  Where the owner of a vessel delayed his action for demurrage for six years, the claim was stale.

3. SAME—BILL OF LADING.
  Where a bill of lading of a vessel's cargo was silent as to who was to furnish discharging facilities, no action for demurrage for delay in securing proper dockage would lie against the consignors, since the owner took the risk of finding such facilities.

Appeal from trial term.

Action by William D. Jameson against Elizabeth Sweeney and another. From a judgment in favor of plaintiff and an order denying a motion for a new trial, defendants appeal. Reversed.

Argued before FITZSIMONS, C. J., and CONLAN and HASCALL, JJ.

James J. Macklin, for appellants.
Hyland & Zabriski, for respondent.

HASCALL, J. We find, with respondent's contention, that as to mode of delivery, where not specified in the bill of lading, it is to be according to custom of the port or of trade between the parties. Richmond v. Steamboat Co., 87 N. Y. 240. Such custom or a local law may give the master the right to recover damage for unusual or unnecessary detention in the discharge of cargo. And to this extent,

such a custom, or, possibly, a local ordinance, will be read into the written contract as having been made with regard to it. But this case does not hinge on plaintiff's right to recover for detention, in the absence of specific agreement, if the circumstances permit it, even though the bill of lading be silent as to demurrage; and we have so written under this same title (29 Misc. Rep. 584, 61 N. Y. Supp. 498), holding that the owner might pursue either consignor or consignee. Under the facts shown upon the trial, however, we think that the detention at the dock of discharge was, in greater part, attributable to the master of the boat himself; and, having delayed his action from 1893 to 1899, the claim had presumably become stale as to these defendants. They should, therefore, have had the opportunity to introduce the proofs sought by questions shown in the record on page 46. These were erroneously excluded, under plaintiff's objections. It was also error we think to charge the jury that the defendants were to and did not furnish proper facilities to discharge cargo. The plaintiff assumed to know the harbor when he made his bill of lading, which provided that the cargo was to be delivered to Mr. Birkett. The contract was silent as to who was to furnish means of dockage. Presumably, therefore, the boat would discharge by her own tackle, or the consignee would provide the means. Nothing in the contract bound the respondent, the consignor. The plaintiff took the risk of finding suitable dockage, depth of water, and discharging facilities. These errors upon the trial call for a reversal. Judgment and order appealed from reversed, and new trial ordered, with costs to appellants to abide the event. All concur.