Hegedus v. Thomas Iron Co. *94 N. J. L.*

JOSEPH HEGEDUS, PLAINTIFF, v. THOMAS IRON COM-
PANY, DEFENDANT.

Submitted March 19, 1920—Decided June 8, 1920.

1. The rule that, although an original cause of action has been
   barred by the statute of limitations, courts will nevertheless en-
   force the liability of the defendant when it is made to appear
   that during the running of the statute he has admitted liability
   and promised to pay, applies only to actions of *assumpsit* and
   not to actions of tort.
2. A person who signs a document, the contents of which he has the
   ability and opportunity to ascertain, and for the execution of
   which he receives a consideration, cannot relieve himself of the
   obligation that binds men by the import of documents signed by
   them, merely by showing that solely by reason of his own negli-
   gence he failed to acquaint himself with the contents thereof be-
   fore executing it.

On demurrer to replications.

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN
and BLACK.

For the plaintiff, *James H. Bolitho.*

For the demurrant, *Pitney, Hardin & Skinner.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The plaintiff in this case
brought suit to recover compensation for personal injuries re-
ceived by him in April, 1910, while serving as an employe of
the defendant company, and while engaged in that service.
The defendant pleaded, among other matters, the statute of
limitations, and a release under seal executed by the plaintiff
in its favor. To the plea of the statute the plaintiff replied
that "the defendant on various occasions from the time of the
accident and up to the commencement of this suit, and after-
ward, recognized the plaintiff's right to bring his said action,

and recognized and agreed to the validity of the claim of the plaintiff against the defendant for damages and compensation for the injuries which the plaintiff received as set forth in the declaration." To the plea of release he replied by denying "that he ever knowingly or willingly signed or in any manner executed any release, receipt, discharge or any other paper-writing of any kind, whereby he intended to release or discharge the defendant for the claim of the plaintiff against the defendant for damages or compensation for the injuries which the plaintiff received by reason of the negligence of the defendant;" and stating "that the plaintiff is blind and unable to read any written thing, and he was never informed or told that he was signing his name or making his mark to any such release as defendant alleges he executed." To each of these replications the defendant demurred.

The principal contention made before us by plaintiff's counsel is directed at the matter of procedure. He asserts that under our present system of pleading a demurrer is unknown; that it was abolished by the new Practice act of 1912, and that, consequently, the demurrer should be stricken out. An examination of the record, however, discloses that the contention is without merit. The declaration in the case was filed in May, 1912; the pleas were filed in June of that year; the replications were not filed until December, 1918, and the demurrer in August, 1919. The new Practice act of 1912 did not go into effect until after the filing of the declaration, and the supplement to that act passed later the same year (*Pamph. L., p.* 844), provides that only certain provisions of the statute, and the rules adopted by this court for the better carrying it into effect, should be applicable to suits which had been instituted before its enactment, and the excepted provisions have no relevancy to demurrers to pleadings.

Turning to the replications themselves. The facts set up by which the plaintiff seeks to avoid the bar of the statute do not deprive the defendant of its protection. The statute of limitations makes the lapse of time a positive and legal bar. When once it has begun to run against a person under no legal disability, it pursues its course uninterrupted by any subse-

quent events, except those which are specified in the statute itself. An examination of the legislation demonstrates that the replication does not present a case within any of the express exceptions of the statute, and courts of law cannot read into it an exception by implication. As was said by this court in *Freeholders* v. *Veghte,* 44 *N. J. L.* 509: "Courts cannot engraft on the statute of limitations exceptions not contained therein, however inequitable the enforcement of the statute without such exceptions may be." It has been suggested that the averments of the replications bring the present case within that class of decisions which hold that, although cause of action has been barred by the statute, courts will nevertheless enforce the liability of the defendant when it is made to appear that during the running of the statute he has admitted liability, and promised to pay. But this class exists only in actions of *assumpsit,* and never actions of tort. *Freeholders* v. *Veghte, supra* (at *p.* 514); 19 *Am. & Eng. Encycl. L.* 288 *et seq.*

The demurrer to this replication, therefore, must be sustained.

As to the replication to the plea of release: The fact that it was under seal raises the presumption that the plaintiff received consideration for executing it. The replication does not deny that this is the fact. Nor does it suggest that the plaintiff was induced to sign it by reason of any fraud perpetrated on him, or misrepresentation made to him by the defendant, or anyone acting for it. He attempts to excuse himself from the effect of his act by the averment that he did not know, and that he was never informed, that the paper which he signed operated to release or discharge the defendant from his (plaintiff's) claim, and intimates by way of excuse for his act that he was blind and unable to read. The situation presented, therefore, is, that he signed this paper for a consideration, without taking the trouble to have it read to him by the person who presented it for his signature, or by anyone else, and apparently without making any inquiry as to what its contents were. The general rule is, that a man

who signs a document, the contents of which he has the ability and opportunity to ascertain, and for the execution of which he receives a consideration, cannot relieve himself of the obligation that binds men by the import of documents signed by them, merely by showing that solely by reason of his own negligence he failed to acquaint himself with the contents thereof before executing it. *Williams* v. *Leisen*, 72 *N. J. L.* 410.

The demurrer to this replication must also be sustained.

The defendant is entitled to judgment *nisi;* and unless the plaintiff within ten days after service upon him of a certified copy of the rule shall apply for leave to file amended replications, judgment final will be entered in favor of the defendant.