FRED C. EHNES, complainant-appellant,

*v.*

MONROE LOAN SOCIETY, defendant-respondent.

[Submitted May term, 1936. Decided October 2d, 1936.]

*Mr. Leonard J. Emmerglick,* for the appellant.

*Mr. Guy G. Gabrielson,* for the respondent.

PER CURIAM.

We concur in the result reached by the learned vice-chancellor, and for the most part, in his reasoning.

In his conclusions the paper of July 8th, 1935, is called "a formal contract for the purchase of certain accounts," &c. The language seems to indicate an executory contract, but in fact and law the instrument is an executed contract, just as a deed is an executed contract. It is in form a bill of sale, presently conveying, assigning, and transferring the accounts mentioned in the attached and incorporated schedules, with special covenants (a) of legal existence of defendant as a corporation; (b) ownership of the accounts free of encumbrance; (c) power to convey, and resolution of the board of directors; (d) power of attorney to vendee to collect, and (e) for further assurance. This paper was settled as to form by the counsel of both parties in conference, and after considerable negotiation and discussion of both terms and schedules. No fraud is claimed in the bill; the pith of the claim is that by mutual mistake of the parties, some twenty-two accounts (reduced to nineteen at the hearing) were omitted from the schedules. Hence, the suit is in essence for reformation of the bill of sale of July 8th, by including in the schedules these nineteen accounts as inadvertently omitted, and this after protracted negotiations between representatives of a loan company and an obviously shrewd and business-like speculative buyer, both parties aided by competent counsel.

To support reformation, a high order of proof is required. It must be "clear, cogent and convincing" or "clear and conclusive." The cases are numerous and uniform. It will suffice to cite *Birch* v. *Baker, 81 N. J. Eq. 264; First National Bank* v. *Fessler, 84 N. J. Eq. 166; Higgins* v. *Linstra, 105 N. J. Eq. 246; affirming 104 N. J. Eq. 355,* and the recent chancery case of *Santamaria* v. *Shell, &c., Inc., 116 N. J. Eq. 26,* in which a number of other cases in this state are cited.

We are clear that the proof in the present case does not measure up to the standard set in our decisions, and the decree under review is therefore affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, COLE, JJ.  14.

*For reversal*—None.