JOSEPH PARUCH, PLAINTIFF-RESPONDENT, v. ADAM RASIEWICZ, DEFENDANT-APPELLANT.

Submitted January 16, 1940—Decided April 4, 1940.

Before BROGAN, CHIEF JUSTICE, and Justices DONGES and PORTER.

For the plaintiff-respondent, *George S. Applegate, Jr.* (*Charles M. Morris,* of counsel).

For the defendant-appellant, *Francis N. Reps* (*Felix Rospond,* of counsel).

BROGAN, CHIEF JUSTICE. This is the defendant's appeal from the plaintiff's judgment in the Common Pleas Court in Middlesex county. The complaint as amended contained five counts, three of which made claim for money had and received by the defendant from the plaintiff; the fourth and fifth counts allege that the plaintiff had advanced money to the defendant at divers times for which the defendant promised in return that he would convey to the plaintiff a half interest in certain lands and a building owned by him in Middlesex county, and that the defendant fraudulently refused to perform his contract.

The defense was a general denial of the charge and a detailed averment that the several sums of money paid over to the defendant were the plaintiff's contribution to a partnership for the operation of a tavern in Middlesex county. Annexed to the answer was a copy of the alleged articles of co-partnership, dated November 14th, 1933.

At the outset of the trial, on motion by defendant, that the plaintiff elect whether he desired to proceed upon the theory of money had and received, or upon violation of the agreement pleaded in the fourth and fifth counts of the complaint, the plaintiff elected to proceed on the former. The jury found for the plaintiff in the full amount of his claim and a judgment was accordingly entered.

Prior to the close of the case, plaintiff moved to amend his claim for damages so that an additional sum of $1,000 might be included. In the testimony it was clear that this additional

sum had been advanced by the plaintiff although it had not been demanded in the amended complaint. The defendant admitted that this extra amount had been received by him but objected to its inclusion at the time request to include same was made. The court allowed the amendment against the defendant's objection.

Five grounds of appeal are written down by the appellant here. The first and second attack the allowance of the amendment just mentioned; the third asserts that it was error to refuse defendant's motion for a directed verdict on the ground that a partnership was established, and the fourth and fifth assert errors in the charge.

Now as to the amendment which permitted the inclusion of the additional $1,000, the power of the court to permit amendments is quite broad. *R. S.* 2:27-132. It appears that this money was advanced on July 15th, 1933, which was more than six years prior to the institution of the suit at law. No objection was offered by the defendant, however, that this part of the plaintiff's claim was barred by the statute of limitations. The defense of the statute of limitations is not available unless set up by plea and where an amendment, as here, is ordered, and if it be the fact that the statute of limitations has barred the claim, that fact should be stated as a reason for disallowing the amendment. Otherwise it is waived. But, be that as it may, the appellant takes nothing by his exception since he stated no reason whatever for his objection except the general one that he did not think the court should allow the amendment.

We proceed now to a consideration of the next point in the case—that it was error to refuse defendant's motion for a direction of verdict. The evidence presented by the defendant supported his theory of the case that the moneys advanced by the plaintiff were contributions to a co-partnership. As to this, the plaintiff admitted that he signed articles of co-partnership but tried to avoid the effect thereof by his testimony that he did not know what he was signing; that he could not read or write and that he thought it was a paper in which the defendant agreed to return his money. He admitted that a copy of the agreement was given him at the time.

There was testimony from the witness, Soden, that when the agreement was executed he attended and saw both plaintiff and defendant sign; that he read the agreement to them slowly; that he asked both plaintiff and defendant whether they understood it; that they said they did and thereupon each signed it. A letter appears in the record, dated May 5th, 1939, written by plaintiff's counsel to Soden, asking for a copy of the agreement, which he describes as "a statement to the effect that Adam Rasiewicz and Joseph Paruch were partners." This objective evidence is persuasive that prior to the time suit was started Paruch, the plaintiff, knew the meaning and effect of the writing which he signed on November 14th, 1933. When the signed articles of partnership were shown to the plaintiff in the course of his cross-examination he frankly admitted that he signed them but sought, as stated, to avoid his agreement by saying he did not understand it. Now there was no testimony whatever that he had been tricked into signing the paper nor that it had been misrepresented to him either at the time he signed it or prior thereto; and there was no testimony whatever that the defendant knew that the plaintiff did not understand the nature of the undertaking. It is, of course, thoroughly settled that parol evidence may not be received to vary the terms of a written instrument. *Naumberg* v. *Young*, 44 *N. J. L.* 331; *Long* v. *New York City Railroad Co.*, 50 *N. Y.* 76; *Hill* v. *Syracuse, &c., Railroad Co.*, 73 *Id.* 351; *Pennsylvania-Reading Seashore Lines* v. *Unit Const. Co.*, 117 *N. J. L.* 494.

If the written contract was procured by fraud (for example, intentional misrepresentation of what it contained), parol evidence is admissible in a court of law to show that the contract was not the real agreement of the parties. *Diamond Rubber Co.* v. *Feldstein*, 112 *N. J. L.* 514; Compare *Alexander* v. *Brogley, &c.*, 62 *Id.* 584. But where the writing results from mistake and in justice should be corrected, reformed or set aside, that is a matter for the court of equity alone. *Birch* v. *Baker*, 81 *N. J. Eq.* 264; *Ehnes* v. *Monroe Loan Society*, 120 *Id.* 599; 187 *Atl. Rep.* 180.

But here there was no evidence of fraud committed upon the plaintiff and the instant situation is within the rule stated in

many cases of which *Williams* v. *Leisen,* 72 *N. J. L.* 410, and *Hegedus* v. *Thomas Iron Co.,* 94 *Id.* 292; 110 *Atl. Rep.* 822, are typical, viz., "that a man who signs a document, the contents of which he has the ability and opportunity to ascertain, and for the execution of which he receives a consideration, cannot relieve himself of the obligation that binds men by the import of documents signed by them, merely by showing that solely by reason of his own negligence he failed to acquaint himself with the contents thereof before executing it." Except where there is imposition or fraud practiced, the affixing of one's signature to a written contract creates a conclusive presumption against the signer.

It is next argued that the court erred in permitting the jury to determine whether or not the plaintiff, when he signed the agreement, knew he was entering into a partnership. Under the testimony in the case the intention of the party plaintiff, in signing the agreement, was not an issue of fact and it was error to permit the jury to consider that question. Therefore, the court erred in not directing a verdict for the defendant.

The present judgment will be reversed and the case remitted for a new trial, costs to abide the event.